By the Court.
 

 Originally, the object of this action was to prevent the disbursement of state funds by state officials. No restraining order was ever secured and the money was paid over as authorized and directed by the appropriating body.
 

 Some of the members of this court entertain the opinion that when the appropriated funds were disbursed, there being no order in existence to prevent the disbursement, the case became “moot.”
 

 Lending validity to this view is the case of
 
 Coke
 
 v.
 
 Shanks, Aud.,
 
 218 Ky., 402, 291 S. W., 362, where an action was brought against the state auditor, state treasurer and others to enjoin the payment of certain
 
 *393
 
 claims which had arisen through the operations of the State Highway Commission. Payment was made during the pendency of an appeal. The Court of Appeals dismissed the appeal, notwithstanding the questions raised were of public importance and concerned acts of public officials, the court holding that the case was “moot” because the events which had occurred made a decision unnecessary and created a condition wherein no actual relief could be afforded. But compare
 
 Moss
 
 v.
 
 Board of Education,
 
 58 Ohio St., 354, 50 N. E., 921.
 

 However, plaintiff places strong emphasis on his supplemental petition in which he asked that the recipients of the funds be ordered to repay them.
 

 It is quite true that in certain instances a taxpayer may maintain an action to compel the restoration of public funds unlawfully diverted from the public treasury. 52 American Jurisprudence, 9, Section 13;
 
 Walker
 
 v.
 
 Village of Dillonvale,
 
 82 Ohio St., 137, 92 N. E., 220, 19 Ann. Cas., 773.
 

 But, as has already been observed, the present action originally was for the purpose of preventing designated state officials from distributing appropriated funds, and the prayer of the petition generally was confined to that object.
 

 Being unsuccessful in obtaining what he demanded, the plaintiff later, in the identical case and on facts which developed after the commencement of the action, attempted to accomplish an entirely different thing, viz., the securing of an order directing the recipients of the funds to return them. By pursuing this course, plaintiff changed the character of his action from one of
 
 prevention
 
 as to named persons to one of
 
 compulsion
 
 as to other and different persons. This, we believe, was an unauthorized procedure;
 
 *394
 
 plaintiff’s proper remedy, if lie had one, was the bringing of a new action for the accomplishment off the result desired.
 

 It is said in 41 American Jurisprudence, 477, Section 264, that “the facts embodied in a supplemental, complaint must relate to the cause of action set forth, in the original complaint, and must be in aid thereof. An entirely new case cannot be introduced in this way. ’ ’
 

 30 Corpus Juris Secundum, 834, “Equity,” Section 425, is authority for the statement that, although the-purpose of a supplemental bill is to support a cause or suit existing at the time of the filing of the original' bill, it is never available to introduce a new or independent cause of action.
 

 ' Furthermore, in the case of
 
 Szelewa
 
 v.
 
 Windeler,
 
 110 N. J. Eq., 299, 159 A., 677, the court said in the opinion:
 

 “A plaintiff cannot file a supplemental bill to introduce facts which have occurred since the filing of the original bill, and upon which a decree can be had, without reference to the original bill. He should dismiss his original bill, and file a new one.”
 

 “Matter which changes the rights of the parties, cannot be included in a supplemental bill.”
 
 Florida Bank & Trust Co. of West Palm Beach, Liquidator,
 
 v.
 
 Morris, Trustee,
 
 101 Fla., 1305, 134 So., 617.
 

 Another salient reason exists why the plaintiff may not prevail. Assuming for the purposes of the discussion that the supplemental petition was proper, no-relief could or can be granted under it.
 

 Again, it is important to remember that this is a case where money was voluntarily paid by the state-to the veterans organizations involved, which organi
 
 *395
 
 ■zations claimed it by reason of the appropriations thereof to them by the General Assembly.
 

 In the absence of fraud, duress, compulsion or mistake of fact, money, voluntarily paid by one person to another on a claim of right to such payment, cannot be recovered merely because the person who made the payment mistook the law as to his liability to pay. •31 Ohio Jurisprudence, 233
 
 et seq.,
 
 Section 162
 
 et seq.,
 
 and cases cited in the notes.
 

 This rule is applicable to the payment of public funds to private persons by governmental authorities.
 
 City of Cincinnati
 
 v.
 
 Cincinnati Gas, Light & Coke Co.,
 
 53 Ohio St., 278, 41 N. E., 239;
 
 Vindicator Printing Co.
 
 v.
 
 State,
 
 68 Ohio St., 362, 67 N. E., 733; 63 A. L. R., 1354, annotation.
 

 In the instant case, there is no claim of fraud, duress, •compulsion or mistake of fact as to the payments .made; there is merely the claim that the law forbade such payments. Under the circumstances described no recovery of the amounts disbursed may be had.
 

 Besides, looking at the matter from a purely practical standpoint and aside from any legal considerations, we have here a situation where in accordance with a long established and long unchallenged custom the General Assembly made the appropriations in ■question in aid of and for the benefit of organizations whose membership is composed of large numbers of war veterans. At this late date, recovery of the funds, which in all probability have been spent, would undoubtedly be fraught with difficulties and complications.
 

 Before concluding this opinion, it is only fair to say that there are members of this court who seriously •doubt the legality of appropriations -and disbursements of the kind disclosed in the pending controversy,
 
 *396
 
 and if at some future time a similar matter should come squarely and properly before this court for decision, the duty may devolve upon us of so holding.
 

 Upon the authority of the case of
 
 Auditor of Lucas County
 
 v.
 
 State, ex rel. Boyles,
 
 75 Ohio St., 114, 78 N. E., 955, 7 L. R. A. (N. S.), 1196, the plain statement is made in
 
 Miller
 
 v.
 
 Korns, Aud.,
 
 107 Ohio St., 287, 306, 140 N. E., 773, 778, that “the expenditure of public funds for a private purpose is unlawful.”
 

 For the reasons given above, the appeal is dismissed.
 

 Appeal dismissed.
 

 Weygandt, O. J., Hart, Zimmerman, Stewart, Turner and Taft, JJ., concur.
 

 Matthias, J., not participating.