CONSOLIDATED MANAGEMENT, INC., Appellee, et al.,

v.

HANDEE MARTS, INC., Appellant.

[Cite as *Consol. Mgt., Inc. v. Handee Marts, Inc.* (1996), 109 Ohio App.3d 185.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga, County.

No. 68662.

Decided Feb. 7, 1996.

*David M. King,* for appellee.

*Donald K. Barclay; Monroe & Zucco* and *Jules N. Koach,* for appellant.

O'DONNELL, Judge.

Handee Marts, Inc., a former lessee of premises located on Engle Road in Brookpark, Ohio, appeals from the court's $14,544.16 judgment entered in favor of Consolidated Management, Inc., a lessor, on its claims for breach of lease, for underpaid rent and premises damage, and for dismissal of Handee Mart's counterclaim for overpayment of rent.

The original June 7, 1962 lease, entered into between Isaly Dairy Company, as lessee, and Triumph Development Corporation, as lessor, provided for the rental of twenty-five-hundred-square-foot premises located at 6270 Engle Road, Brookpark, Ohio with $350 per month as minimum rent and 2.5 percent of the gross sales of the premises as maximum rent.

Relevant to this controversy are the second and third amendments to the original lease. The second amendment, dated May 22, 1984, included Handee Marts as lessee, maintained Triumph as lessor, and added 1,260 square feet "for office space, storage area, and additional retail space." Significantly, this amendment increased the minimum rental to $625 per month but maintained the maximum annual rental at 2.5 percent of the gross sales of the entire retail premises as enlarged. The parties to this suit agree, however, that Handee Marts utilized the additional square footage only as office space.

The third amendment to the lease, dated February 11, 1988, between Handee Marts and Triumph increased the minimum rental to $925 per month, maintained the maximum annual rent at 2.5 percent of gross sales and extended the term of the lease to May 31, 1993.

Prior to the lease expiration, Triumph unsuccessfully attempted to negotiate a new lease. Instead, it sent a letter to Handee Marts defining the terms of a holdover month-to-month tenancy, at rental of $1,488.33. Thereafter, Handee Marts held over in the premises until July 31, 1993, at which time it vacated the premises.

The course of conduct between the parties reflects that beginning January 1, 1984, when Handee Marts became lessee, it paid the minimum monthly rental and annually accounted to Triumph 2.5 percent of its annual gross sales. In rendering its annual accounting each year, Handee Marts allocated half of its total monthly rent to retail space, calculated 2.5 percent of its annual gross sales, deducted the amount of rent allocated to retail space and paid the difference to Triumph as its maximum annual rent. For the years 1992 and 1993, Handee Marts rendered its annual accounting but neglected to pay any additional amount.

After Handee Marts vacated the premises, Consolidated as successor in interest to Triumph, filed this action seeking its percentage rent due for the years

1992 and 1993 and property damage from Handee Marts. Handee Marts counterclaimed, alleging it had overpaid its rent since 1984. The court, after trial, entered judgment for Consolidated in the amount of $14,545.16 and dismissed Handee Marts' counterclaim.

Handee Marts now appeals and assigns nine assignments of error for our review. We begin our analysis with examination of the sixth, seventh and eighth assignments of error, which concern overpaid rent, have a common basis of law and fact and, therefore, will be treated jointly. They are as follows:

## VI

"The trial court erred, to the prejudice of appellant, when it failed to consider whether under the doctrine of restitution appellant was entitled to the return of rent that it overpaid to appellees under the terms of the lease for the years 1984–1993 because of a continuing error in calculation on the part of appellant."

## VII

"The trial court erred, to the prejudice of appellant, when it found that appellant's continuing error in calculation, if in fact a mistake, was a mistake of law, and that therefore appellant, as a matter of law, could not recover its overpayment of rent to appellees."

## VIII

"The trial court erred, to the prejudice of appellant, when it rendered judgment against appellant, upon its counterclaim for the repayment of rents overpaid under the terms of the lease."

The essence of Handee Marts' claim is that the original lease and its amendments require payment of either a minimum monthly rental or 2.5 percent of its gross sales, whichever amount is greater. It therefore claims that it erred in allocating half of its monthly rent to retail space and on this basis seeks repayment of overpaid rent.

Consolidated, on the other hand, claims that when Handee Marts leased the additional 1,260 square feet of space, the method of payment of rent accounted for the fact that no increase in retail space occurred. Consolidated additionally claims that Handee Marts is precluded from recovery in this case based on the doctrine of mistake of law.

The issue, then, presented for our resolution is whether the trial court erred in denying recovery to Handee Marts for alleged overpayment of rent.

We begin our analysis by consideration of the doctrines of mistake of fact and mistake of law.

A "mistake of fact" is defined as "a mistake not caused by the neglect of a legal duty on the part of the person making the mistake, and consisting in (1) an unconscious ignorance or forgetfulness of a fact, past or present, material to the contract; or (2) belief in the present existence of a thing or material to the contract which does not exist, or in the past existence of such thing which has not existed." Black's Law Dictionary (6 Ed.1990) 1001.

■ Money paid under mistake of fact, without consideration, may generally be recovered. 73 Ohio Jurisprudence 3d (1986), Payment and Tender, Section 71. The Supreme Court followed this view in *Firestone Tire & Rubber Co. v. Cent. Natl. Bank* (1953), 159 Ohio St. 423, 50 O.O. 364, 112 N.E.2d 636, which stated in its syllabus:

"The general rule is that money paid under the mistaken supposition of the existence of a specific fact which would entitle the payee to the money, which would not have been paid had it been known to the payor that the fact did not exist, may be recovered."

Conversely, a "mistake of law" "happens when a person, having full knowledge of the facts comes to an erroneous conclusion as to their legal effect. It is a mistaken opinion or inference, arising from an imperfect or incorrect exercise of judgment on facts as they are real." 73 Ohio Jurisprudence 3d, *supra*, at 295, Section 74.

■ Money paid as a result of mistake of law is not recoverable, as recited by 73 Ohio Jurisprudence 3d, *supra*, at 295–298, Section 74:

"Money voluntarily paid on a claim of right with full knowledge of all the facts, in the absence of fraud, duress, or compulsion, cannot be recovered back merely because the party, at the time of payment, was ignorant of, or mistook, the law as to his liability. * * *

" * * * Also, a payment made by reason of an erroneous construction of the terms of a contract or one made by reason of a mistake as to the legal sufficiency of the title conveyed by the payee is not made under a mistake of fact but under a mistake of law, and if voluntarily made cannot be recovered back."

The Supreme Court followed this principle in a series of cases which have reiterated that money paid under a mistake of law may not be recovered. The court stated in its syllabus as follows in *Cincinnati v. Gaslight & Coke Co.* (1895), 53 Ohio St. 278, 41 N.E. 239:

"A payment made by reason of a wrong construction of the terms of a contract, is not made under a mistake of fact, but under a mistake of law, and if voluntarily made cannot be recovered back."

The court more recently stated:

"In the absence of fraud, duress, compulsion or mistake of fact, money voluntarily paid by one person to another on a claim of right to such payment, cannot be recovered merely because the person who made the payment mistook the law as to his liability to pay." *State ex rel. Dickman v. Defenbacher* (1949), 151 Ohio St. 391, 395, 39 O.O. 221, 222, 86 N.E.2d 5, 7.

When considering these principles, we conclude that Handee Marts' allocation of half of its total minimum rent against the annual percentage rent constitutes a mistake of law rather than a mistake of fact. The record reveals a continuing course of conduct whereby Handee Marts paid rent on an annual basis to its landlord with both parties fully aware that no additional retail space had been added which would have likely generated an increase in annual percentage rent due. Absent evidence to show a mistake of fact, we cannot infer that the parties have erred. Our conclusion in this regard is in accordance with both *Cincinnati v. Gaslight & Coke Co.,* and *State ex rel. Dickman v. Defenbacher, supra,* which both suggest payments voluntarily made cannot be recovered. Appellant's fifth, sixth and seventh assignments of error are therefore not well taken.

We next consider five additional assignments of error, which share a common basis in law and fact, and therefore we shall consider them together. They state as follows:

## I

"The trial court erred, to the prejudice of appellant, when it found that appellant had breached amendment no. 2 of its lease with appellees by failing to provide additional retail store space when it leased the additional space."

## II

"The trial court erred, to the prejudice of appellant, when it proceeded to apply the rule of practical construction to construe a lease that it had not first found that, on its face, was ambiguous."

## III

"The trial court erred, to the prejudice of appellant, when it found that because of appellant's breach of the lease, the terms of Amendment No. 2 of said lease had 'ambiguous application.' "

### IV

"The trial court erred, to the prejudice of appellant, when it found that based upon the lease, as construed using the rule of practical construction, appellant owed additional percentage rental to appellees for 1992 and 1993."

### V

"The trial court erred, to the prejudice of appellant, when it rendered judgment against appellant on the issue of additional percentage rental due appellees for years 1992 and 1993."

Handee Marts contends that the trial court erred in applying the rule of practical construction to the lease based on its finding that the terms of the lease were ambiguous and, therefore, urges that it does not owe Consolidated any additional percentage rent for the years 1992 and 1993.

Consolidated, on the other hand, asserts that the rule of practical construction applies to the instant case and, therefore, Handee Marts does owe additional percentage rent for 1992 and 1993.

The issue therefore before this court is whether the trial court erred in practically construing the lease and its amendments in its ruling that Consolidated was entitled to additional percentage rent. Our analysis begins with a discussion of the rule of practical construction.

The rule of practical construction may be applied in several circumstances as follows:

"[T]he practical construction made by the parties may be considered by the court as an aid to its construction when the contract is ambiguous, uncertain, doubtful, or where the words thereof are susceptible to more than one meaning, *or when a dispute has arisen between the parties after a period of operation under the contract.*" (Emphasis added.) 18 Ohio Jurisprudence 3d (1980) 46, Contracts, Section 160.

This court has specifically provided:

"Where a dispute arises relating to an agreement under which the parties have been operating for some considerable period of time, the conduct of the parties may be examined in order to determine the construction which they themselves have placed on the contract." *Natl. City Bank v. Citizens Bldg. Co.* (App.1947), 48 Ohio Law Abs. 325, 335, 74 N.E.2d 273, 279.

In this case, while Handee Marts believes that there is no ambiguity which would permit the court to utilize practical construction concepts to interpret these documents, the facts reveal that since 1984, the parties entered into a course of conduct which is now being disputed whereby each party claims

entitlement to funds arising out of that conduct. In this context, and in accordance with *Natl. City Bank v. Citizens Bldg. Co., supra,* the court is permitted to examine that prior conduct in order to determine the construction the parties themselves have given to the leasing arrangement.

We therefore conclude that the trial court properly used the rule of practical construction in construing the terms of this lease and these amendments and properly concluded that Handee Marts owed additional percentage rent for the years 1992 and 1993. Accordingly, these assignments of error are not well taken.

Handee Marts' final assignment of error states as follows:

## IX

"The judgment of the trial court is against the manifest weight of the evidence, and is contrary to law."

Handee Mart asserts that the judgment of the trial court is against the manifest weight of the evidence. Consolidated contends that the judgment is supported by competent, credible evidence which go to the essential elements of their claim.

Therefore, the issue before this court is whether the judgment of the trial court is against the manifest weight of the evidence or whether it is supported by competent, credible evidence which go to the essential elements of Consolidated's claim.

When reviewing whether a judgment of a trial court is against the manifest weight of the evidence, this court is guided by the principles set forth by the Supreme Court in *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 280, 8 O.O.3d 261, 261–262, 376 N.E.2d 578, 579, which states that "judgments supported by some competent, credible evidence going to the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." Appellate courts, in reviewing a question of the manifest weight of evidence, are guided by a presumption that the findings of the trial court are indeed correct. *Cohen v. Lamko, Inc.* (1984), 10 Ohio St.3d 167, 10 OBR 500, 462 N.E.2d 407; *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 79–80, 10 OBR 408, 409–411, 461 N.E.2d 1273, 1275–1277.

The judgment of the trial court in this case is supported by the lease documents which are part of the record together with the course of conduct between the parties since 1984, which includes the method by which the parties themselves calculated rent. We conclude that this constitutes credible, competent evidence which supports the decision of the trial judge in this instance. Accordingly, we conclude that the judgment of the court was not against the

manifest weight of the evidence and the appellant's ninth assignment of error is overruled.

In accordance with the foregoing analysis, the judgment the trial court is affirmed.

*Judgment affirmed.*

PORTER, P.J., and NAHRA, J., concur.