YEPKO, ADMR., ET AL. *v.* STATE FARM MUTUAL INSURANCE COMPANY.

[Cite as *Yepko v. State Farm Mut. Ins. Co.* (1997), 79 Ohio St.3d 414.]

(No. 96–2625—Submitted May 7, 1997—Decided September 24, 1997.)

*Gary, Naegele & Theado* and *Thomas R. Theado,* for petitioner Ellen Jane Yepko, Administrator of the Estate of Anissa Huff, deceased.

*Timothy S. Trigilio,* for petitioner Ellen Jane Yepko.

*Meyers, Hentemann, Schneider & Rea Co., L.P.A.,* and *Henry A. Hentemann,* for respondent State Farm Mutual Insurance Company.

The following question has been certified to us by the United States District Court for the Northern District of Ohio, Western Division, pursuant to S.Ct. Prac.R. XVIII:

"Whether a wrongful death claimant who is a statutory beneficiary of an insured decedent can recover under the uninsured motorist provisions of the

decedent's insurance policy, either individually or through the administratrix of the decedent's estate, if the claimant is not an insured as defined in the policy."

We answer the certified question in the affirmative on the authority of *Holt v. Grange Mut. Cas. Co.* (1997), 79 Ohio St.3d 401, 683 N.E.2d 1080, decided today.

DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK and LUNDBERG STRATTON, JJ., dissent for the reasons stated in Justice Cook's dissent in *Holt.*

MOYER, C.J., dissents.