**[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 414.]**

YEPKO, ADMR., ET AL. *v.* STATE FARM MUTUAL INSURANCE COMPANY.

**[Cite as *Yepko v. State Farm Mut. Ins. Co.*, 1997-Ohio-373.]**

*Insurance—R.C. 2125.02 wrongful death beneficiary who is not named insured under the policy can recover under uninsured/underinsured motorist provisions of a decedent's automobile liability insurance policy, when.*

(No. 96-2625—Submitted May 7, 1997—Decided September 24, 1997.)

ON ORDER from the United States District Court for the Northern District of Ohio, Western Division, Cerifying a Question of State Law, No. 3:95CV7550.

_____

*Gary, Naegele & Theado* and *Thomas R. Theado,* for petitioner Ellen Jane Yepko, Administrator of the Estate of Anissa Huff, deceased.

*Timothy S. Trigilio,* for petitioner Ellen Jane Yepko.

*Meyers, Hentemann, Schneider & Rea Co., L.P.A.*, and *Henry A. Hentemann*, for respondent State Farm Mutual Insurance Company.

_____

{¶ 1} The following question has been certified to us by the United States District Court for the Northern District of Ohio, Western Division, pursuant to S.Ct.Prac.R. XVIII:

"Whether a wrongful death claimant who is a statutory beneficiary of an insured decedent can recover under the uninsured motorist provisions of the decedent's insurance policy, either individually or through the administratrix of the decedent's estate, if the claimant is not an insured as defined in the policy."

{¶ 2} We answer the certified question in the affirmative on the authority of *Holt v. Grange Mut. Ins. Co.* (1997), 79 Ohio St.3d 401, 683 N.E.2d 1080, decided today.

DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK and LUNDBERG STRATTON, JJ., dissent for the reasons stated in Justice Cook's dissent in *Holt.*

MOYER, C.J., dissents.

————————————