**Ellen Jane YEPKO, Administratrix, et al., Plaintiff,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant.**

No. 3:95CV7550.

United States District Court, N.D. Ohio, Western Division.

Oct. 29, 1998.

Thomas R. Theado, Gary, Naegele & Theado, Lorain, OH, for Ellen Jane Yepko, Administratrix of Estate of Anissa Rochelle Huff.

Timothy S. Trigilio, Triglio, Stephenson & Januzzi, Lorain, OH, for Ellen Jane Yepko.

Kathleen Allmon Stoneman, Stoneman & Allmon, Carrollton, OH, for Richard Neal Huff, Ruby Alice Huff.

Kurt Daniel Anderson, Fauver, Tattersall & Gallagher, Elyria, OH, for Aliexis Marie Filiaggi, Jasmin Rochelle Filiaggi, Personally, By and through their Legal Guardian, James Filaggi, Sr.

Henry A. Hentemann, J. Michael Creagan, Meyers, Hentemann, Schneider & Rea, Cleveland, OH, for State Farm Mut. Auto. Ins. Co.

## MEMORANDUM AND ORDER

JOHN W. POTTER, Senior District Judge.

This action is before the Court on the motion for summary judgment of plaintiff Ellen Jane Yepko, Administratrix, defendant's opposition and cross motion for summary judgment, and plaintiff's reply. In her complaint, plaintiff, in her capacity as personal representative of Anissa Rochelle Huff, seeks a declaration of the rights of the parties and monetary damages under the uninsured motorist coverage of an insurance policy issued by defendant to the decedent, Anissa Huff. In their motions, the parties each request summary judgment with respect to the amount of insurance coverage that remains available to plaintiff, the propriety of an award of prejudgment interest, and the date from which such interest should be calculated.

Summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In reviewing a motion for summary judgment, however, all inferences " 'must be viewed in the light most favorable to the party opposing the motion.' " See Matsushita Elec. Indus., Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which [he] believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Where the moving party has met its initial burden, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A genuine issue for trial exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

The facts relevant to the disposition of the parties' motions are undisputed. On June 19, 1994, Anissa Rochelle Huff was killed instantaneously in an automobile accident in Lorain County, Ohio. The accident was caused by the negligence of an uninsured driver of the automobile in which Ms. Huff was a passenger. On the date of her death,

Ms. Huff was a resident of Erie County, Ohio and had temporary custody of her two minor nieces and next-of-kin, Jasmin Rochelle Filiaggi and Alexis Marie Filiaggi, who resided in her home. At the time of her death, the decedent's other next-of-kin were her parents, Ellen Jane Yepko and Richard Neal Huff; and her paternal grandmother, Ruby Alice Huff. Neither her parents nor her grandmother lived with Ms. Huff at the time of the accident.

The decedent was the named insured under a policy issued by defendant. The policy provided uninsured motorist coverage with limits of $100,000 per person and $300,000 per accident. The decedent's nieces, Jasmin and Alexis Filiaggi, qualified as insureds under the policy. However, her parents and grandmother did not qualify as insureds under the policy's definition of an insured. Plaintiff, Ellen Jane Yepko, as personal representative of the decedent, Anissa Huff, made a demand on behalf of all next-of-kin of $300,000 under the uninsured motorist provisions of defendant's policy issued to the decedent. The written demand was timely received by defendant on October 19, 1994. There is no dispute that plaintiff has fully complied with the terms of the policy. Nevertheless, defendant rejected plaintiff's demand based on its contention that the decedent's parents and grandmother were not insureds and, therefore, could not recover under the terms of the policy.

The instant lawsuit was then filed by plaintiff Yepko, in her capacity as personal representative of the decedent, on behalf of all next-of-kin in order to resolve the coverage dispute. In an amended complaint, the individual next-of-kin were also named as plaintiffs. The amended complaint asserted individual claims for each of the decedent's five next-of-kin, as well as the representative claims originally brought by plaintiff Yepko as the decedent's personal representative for the benefit of the next-of-kin.

Thereafter, defendant paid the sum of $50,000 to each of the decedent's two nieces, whom it found clearly qualified as insureds and, therefore, were entitled to recover under the uninsured motorist provisions of the policy. This sum was paid pursuant to a settlement which was negotiated with counsel for the nieces and their legal guardian and which was approved by the Lorain County Probate Court. After being informed of the settlement, this Court dismissed the individual claims of the nieces.

On November 13, 1996, in order to resolve the coverage question, this Court certified the following question to the Ohio Supreme Court: "Whether a wrongful death claimant who is a statutory beneficiary of an insured decedent can recover under the uninsured motorist provisions of the decedent's insurance policy, either individually or through the administratrix of the decedent's estate, if the claimant is not an insured as defined in the policy." *Yepko v. State Farm Mut. Ins. Co.*, 79 Ohio St.3d 414, 683 N.E.2d 1090 (1997). On September 24, 1997, the Ohio Supreme Court answered the question in the affirmative on the authority of *Holt v. Grange Mut. Cas. Co.*, 79 Ohio St.3d 401, 683 N.E.2d 1080 (1997). *Id.* On October 28, 1997, pursuant to a stipulation of dismissal, the individual claims of the decedent's parents and grandmother were dismissed. In December, 1997, defendant offered plaintiff $200,000, which it contends is the maximum coverage remaining under the policy issued to decedent, in light of the $100,000 payment to the decedent's nieces. The offer was rejected by plaintiff.

Although numerous issues are raised in plaintiff's motion, only two issues are in dispute and require determination by the Court: (1) whether defendant is entitled to a credit for the $100,000 of uninsured motorist coverage already paid to the decedent's nieces or whether the entire $300,000 is available for payment on plaintiff's claims; and (2) whether plaintiff is entitled to prejudgment interest and, if so, from what date the interest is to be calculated.

With respect to the first issue, plaintiff contends that defendant's settlement with the decedent's nieces was a "calculated maneuver" through which it "sought to evade clear liability," and that defendant "unilaterally usurped to itself the authority of the Erie County Probate Court" to adjust the shares of each wrongful death beneficiary. Plaintiff's Memo. in Support of Motion for

Summary Judgment pp. 31–32. Thus, plaintiff argues that defendant should not be permitted to profit from such maneuvering by receiving a reduction in its liability exposure.[1] Defendant, on the other hand, contends that in arriving at a settlement of the nieces' claims, it was following the terms of the insurance policy and the law as it reasonably understood it to be in 1996.

The Court finds that plaintiff's characterization of defendant's settlement with the decedent's nieces as a calculated maneuver to avoid "clear" liability is not justified. Defendant's liability under the uninsured motorists coverage on claims of wrongful death beneficiaries who did not qualify as insureds was far from clear. This fact is demonstrated in *Holt* by the dissenting opinion of Justice Cook, which was concurred in by two additional justices. *Holt*, 79 Ohio St.3d at 411–13, 683 N.E.2d 1080. Although the majority in *Holt* found that a wrongful death beneficiary is entitled to recover under the uninsured/underinsured motorist provisions of a decedent's automobile insurance policy regardless of whether that beneficiary qualifies as an insured, Justice Cook stated in her dissent that the decisional law of the Court "compel[s] a result opposite to that reached by the majority in this case." *Id.* 79 Ohio St.3d at 411, 683 N.E.2d 1080.

■ Nevertheless, the *Holt* opinion does state that the proceeds for the wrongful death of a policyholder are to be paid to the personal representative of the decedent pursuant to Ohio Rev.Code § 2125.03(A)(1),[2] and not to the statutory beneficiaries directly. *Id.* 79 Ohio St.3d at 406, 683 N.E.2d 1080. Section 2125.03(A)(1) then requires that the proceeds be apportioned to the beneficiaries by the court that appointed the personal representative. *Id.* Thus, pursuant to *Holt*, defendant should not have paid the $100,000 in settlement of the nieces' wrongful death claims directly to the nieces, but rather to the plaintiff, as personal representative of the decedent.[3]

■■ The Court must now determine, in light of *Holt*, what effect defendant's $100,000 payment to decedent's nieces should be given. Defendant contends that equity demands that it be credited for the amount of the settlement and that the Court declare that there is a maximum of $200,000 in coverage remaining for the claims of the plaintiff. However, a straight credit of $100,000 would ignore the fact that, pursuant to § 2125.03, the court that appointed the decedent's personal representative, the Erie County Probate Court, has the sole authority to determine the share of the wrongful death proceeds to which the nieces are entitled. It also could result, under certain circumstances, in an inequity with respect to the remaining next-of-kin.[4]

The Court, however, also finds inequitable plaintiff's suggestion that defendant not be given any credit at all for the $100,000 payment to the nieces. This would result in the next-of-kin being overcompensated for the damages proven at trial, which of course

---

1. Plaintiff also suggests that the settlement with the nieces was at best a mistake of law, and cites *Consolidated Mgt., Inc. v. Handee Marts, Inc.*, 109 Ohio App.3d 185, 189, 671 N.E.2d 1304 (1996), for the proposition that money paid under a mistake of law may not be recovered. However, that case is inapposite to the case sub judice since defendant does not seek to recover any money, but rather seeks only a set off of the amount already paid.

2. Section 2125.03(A)(1) provides:

The amount received by a personal representative in an action for wrongful death under sections 2125.01 and 2125.02 of the Revised Code, whether by settlement or otherwise, shall be distributed to the beneficiaries or any one or more of them. The court that appointed the personal representative, except when all

of the beneficiaries are on an equal degree of consanguinity to the deceased person, shall adjust the share of each beneficiary in a manner that is equitable. . . .

3. Furthermore, it does not appear that the nieces had authority to settle their wrongful death claims, pursuant to Ohio Rev.Code § 2125.02(C).

4. For example, assume this Court allows defendant $100,000 as a credit against $300,000 in damages which plaintiff proves at trial. Assume also that the state probate court then determines that the nieces are entitled to only $75,000 of the total amount of damages, and the remaining next-of-kin are entitled to $225,000. Under defendant's proposition, only $200,000 would be available for distribution to the remaining next-of-kin, rather than the entire $225,000 to which they would be entitled.

includes the nieces' damages for which they have been already been reimbursed by defendant. It is axiomatic that a party, after proving its damages, is entitled to be made whole only once. Thus, the Court rejects plaintiff's suggestion that no set off at all be allowed.

Rather the Court finds the following to be an equitable method of dealing with the $100,000 payment. The Court finds that defendant's total liability exposure is $300,000, subject to plaintiff's proof of damages at trial, and subject to a set off equal to that amount determined by the Erie County Probate Court to be due the decedent's nieces, up to $100,000. This method allows the Probate Court to adjust the shares of the beneficiaries and avoids any inequities to the next-of-kin.

The Court next addresses the issue of whether plaintiff is entitled to prejudgment interest and, if so, from what date the interest should be calculated. Plaintiff seeks prejudgment interest pursuant to Ohio Rev. Code § 1343.03(A). That section provides that

> when money becomes due and payable upon any ... instrument of writing ... and upon all judgments ... for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum.

Ohio Rev.Code § 1343.03(A).

■ The Ohio Supreme Court recently construed this statute in the context of a claim for uninsured motorist insurance which had been improperly denied. *See Landis v. Grange Mutual Ins. Co.,* 82 Ohio St.3d 339, 695 N.E.2d 1140 (1998). In *Landis,* the court found that an uninsured/underinsured motorist claim is a contract claim. *Id.* 82 Ohio St.3d at 341, 695 N.E.2d 1140. Because the benefits were due and payable to the plaintiff based on an instrument of writing, the court found that the proper way to fully compensate him was to award prejudgment interest under § 1343.03(A). "That the benefits were denied in good faith is irrelevant because lack of a good faith effort to settle is not a predicate to an award of prejudgment interest pursuant to R.C. § 1343.03(A), as it

is under R.C. § 1343.03(C)." *Id.* Likewise, the fact that the amount which was due and payable remained undetermined until a later date does not bar recovery of prejudgment interest. *Id.; Royal Electric Constr. Corp. v. Ohio State Univ.,* 73 Ohio St.3d 110, 115, 652 N.E.2d 687 (1995). Applying these principles to the case sub judice, the Court finds that plaintiff is entitled to prejudgment interest on the amount of damages proven at trial. However, since a portion of the total damages was paid at the time of the settlement with the decedent's nieces, no interest shall be calculated after the date of the settlement on the amount, up to $100,000, determined by the probate court to be due the nieces.

■ The Court must next determine the date from which interest shall be calculated. In order to make that determination, the Court must determine when the claim became "due and payable," irrespective of whether the claim was liquidated or unliquidated or capable of ascertainment prior to a determination by a court. *See Id.* Although defendant argues that interest should be calculated from the date of the Ohio Supreme Court's decisions in *Holt* and *Yepko,* this Court does not agree. Although the law was admittedly murky, plaintiff nevertheless had a valid claim at the time plaintiff's written notice of loss was received by defendant on October 19, 1994. Pursuant to the provisions of the insurance contract, a right of action against defendant does not accrue until 30 days after it receives notice of the loss. *See* Plaintiff's Exhibit 2, p. 21. Thus, the Court finds that plaintiff's claim was due and payable on November 18, 1994. It is from that date that prejudgment interest shall be calculated.

■ Defendant further argues that prejudgment interest should be cutoff as of December 19, 1997, the date on which it offered plaintiff $200,000 in settlement. However, for the reasons stated above, $200,000 was not necessarily the balance of what was due and payable to plaintiff. Thus, the Court rejects this argument.

THEREFORE, for the foregoing reasons, good cause appearing, it is

ORDERED that plaintiff's motion for summary judgment be, and hereby is, GRANTED in part and DENIED in part; and it is

FURTHER ORDERED that defendant's cross motion for summary judgment be, and hereby is, GRANTED in part and DENIED in part.