[Cite as *In re D.D.D.*, 2012-Ohio-5254.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.   12 JE 7 |
| | ) | |
| D.D.D. | ) | O P I N I O N |
| | ) | |
| | ) | |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Civil Appeal from Common Pleas Court, Probate Division, Case No. 11AD14. |
| JUDGMENT: | Affirmed. |

APPEARANCES:

| | |
|---|---|
| For Appellee: | Attorney John Mascio<br>325 North Fourth Street<br>Steubenville, Ohio  43952 |
| For Appellant: | Attorney George Gbur<br>P.O. Box 2733<br>East Liverpool, Ohio  43920 |

JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated:  November 9, 2012

[Cite as *In re D.D.D.*, 2012-Ohio-5254.]
VUKOVICH, J.

{¶1} The father appeals the decision of the Jefferson County Probate Court which granted the petition for adoption filed by the step-father. The father states that the court erred in allowing the step-father to add lack of support as a reason to excuse consent for adoption in a supplemental petition where his original petition claimed only lack of contact. However, when a parent fails to have contact for a year prior to the petition but has not yet failed to support for the requisite one-year period, and the parent thereafter continues to not pay support so that the one-year period passes, the step-parent can add the alternative reason when that reason ripens while the adoption petition is pending.

{¶2} The father also urges that the trial court committed plain error by failing to issue findings of fact and conclusions of law to explain why the court disagreed with his evidence on justifiable cause. Because no request for findings and conclusions was filed, this argument is without merit. Thus, the judgment of the trial court is affirmed.

<u>STATEMENT OF THE CASE</u>

{¶3} We begin by noting that the father does not raise substantive arguments that he had justifiable cause for failing to support or contact the child. Rather, his arguments are both procedural. Thus, our statement of the case is restricted only to the basic facts relevant to the issues presented for our review.

{¶4} The child was born in February of 2006, while the mother and father lived together. The mother and father terminated their relationship when the child was approximately a year old. In December 2009, the mother and the step-father moved in together, and they got married in August 2010.

{¶5} On May 31, 2011, the step-father filed a petition to adopt the child at issue. The adoption petition stated that the father's consent was not required because the father failed without justifiable cause to provide more than de minimis contact with the child for a period of at least one year immediately preceding the filing of the petition.

{¶6} On July 26, 2011, the step-father asked to supplement his petition to add as a reason that the father had since failed without justifiable cause to provide for the maintenance and support of the child as required by law or judicial decree for a period of at least one year preceding the filing of the petition. Specifically, it was alleged that the father paid nothing since July 21, 2010.

{¶7} The father objected to the step-father's request to supplement the petition, characterizing it as an attempt to circumvent the requirements of R.C. 3107.07(A) and a violation of Civ.R. 15(E) because it added a new cause of action. The probate court granted the step-father's request to supplement on August 25, 2011, which the step-father did that day. The petition was thereafter tried to the court in early 2012.

{¶8} On March 27, 2012, the court filed its entry allowing the step-parent adoption. The court found that consent was not required because the allegations in the petition were true and that the adoption was in the child's best interests. The father filed a timely appeal in which he raises arguments concerning the allowing of the supplemental petition and the lack of findings of fact and conclusions of law.

ASSIGNMENT OF ERROR NUMBER ONE

{¶9} Appellant sets forth two assignments of error, the first of which provides:

{¶10} "FOLLOWING HIS ORIGINAL PETITION FOR ADOPTION, STEPFATHER WAS ERRONEOUSLY GRANTED LEAVE TO FILE A SUPPLEMENTAL PETITION IN WHICH HE RAISED A NEW BASIS TO ADOPT HIS STEPSON AND, IN EFFECT, A DIFFERENT CAUSE OF ACTION IN DEROGATION OF OHIO LAW."

{¶11} Pursuant to R.C. 3107.07(A), a parent's consent to adoption is not required:

{¶12} "when it is alleged in the adoption petition and the court, after proper service of notice and hearing, finds by clear and convincing evidence that the parent has failed without justifiable cause to provide more than de minimis contact with the minor or to provide for the maintenance and support of the minor as required by law

or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner[1]."

{¶13} The original adoption petition was filed on May 31, 2011. It claimed only a lack of communication with the child in the preceding year, that is, from May 31, 2010 through May 31, 2011. Since the father made child support payments in June and July 2010, the May 31, 2011 petition did not also claim a lack of maintenance and support in the preceding one year. However, once a year had passed since the July 21, 2010 payment was made, the step-father sought to supplement the petition, citing Civ.R. 15(E) in order to include the alternative ground of failure to support in the year immediately preceding the supplemental petition.

{¶14} The father argues that the addition of lack of maintenance and support in a different time period than the lack of communication originally alleged is the addition of a new and different cause of action that is not in common with the original petition. He urges that the probate court allowed the step-father to circumvent the requirements of R.C. 3107.07(A) by permitting the supplemental filing.

{¶15} The step-father counters that the supplementation merely added an alternative ground for finding that consent is unnecessary, equating the broader adoption and consent issue with the cause of action. The step-father notes that supplemental pleadings are to be used where relevant events occur after the original pleading such as the case herein.

{¶16} Besides the general holdings regarding supplemental pleadings under Civ.R. 15(E), the father cites no cases on point to R.C. 3107.07(A) regarding what a potential adoptive parent is to do when one alternative is ripe due to the father's omissions and then the father continues in his omissions so that the other alternative ripens while the adoption petition is pending. It seems he thinks the required procedure was the filing of an independent adoption petition by the same petitioner

---

[1] There are no arguments concerning the one year immediately preceding the placement of the minor in home of the petitioner. The only pertinent date here is the one year immediately preceding the filing of the adoption petition.

against the same respondent in the same court even though an adoption petition is already properly pending.

**{¶17}** Civ.R. 15 provides for amended pleadings in division (A) and supplemental pleadings in division (E). Unless certain timing requirements are met, which are inapplicable here, "a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires." Civ.R. 15(A).

**{¶18}** A supplemental pleading is permitted under Civ.R. 15(E), which provides in pertinent part: "Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented."

**{¶19}** It is often stated that an amended pleading is used to raise matters existing at the time of the original pleading but overlooked or unknown. *Calex Corp. v. United Steelworkers of America*, 137 Ohio App.3d 74, 78, 738 N.E.2d 51 (2000). Whereas, a supplemental pleading raises transactions, occurrences, or events which have happened since the original pleading; a supplemental pleading merely continues or adds to that original cause of action such as adding new acts by the defendant that modify the nature or amount of damages. *Id.*; Staff Note Civ.R. 15(E).

**{¶20}** Notably, the character of a pleading is determined by the averments it contains and not by the name given to it. *City of Cincinnati v. Cameron*, 33 Ohio St. 336 (1878), ¶1 of syllabus. Thus, "if a paper styled 'supplemental petition' contains facts such as would be proper in an amended petition, it may be so treated, and it is within the discretion of the court to allow such a pleading to be filed during the progress of a cause." *Id.*

**{¶21}** In accordance, any misuse of the term "amended" or "supplemental" when labeling a pleading is not per se prejudicial where there is notice and adequate opportunity to respond. *See Calex*, 137 Ohio App.3d at 79 (petition labeled amended when it was actually supplemental); *McKay v. McKay Tire Stores, Inc.*, 2d Dist. No. 533 (July 11, 1938) (even if the subject matter of a "supplemental" petition should

have been set forth in an "amended" petition, no prejudice resulted from the form of the averments). In fact, movants often label their request "amended/supplemental" to avoid claims that the wrong division was invoked.

{¶22} The father seems to rely on a case decided prior to the adoption of the Civil Rules where the Supreme Court stated that the facts in a supplemental pleading must relate to the original pleading and must be in aid thereof and that a new and independent cause of action cannot be raised by a supplemental pleading. *State ex rel. Dickman v. Defenbacher*, 151 Ohio St. 391, 394, 86 N.E.2d 5 (1949). In that case, the plaintiff sought to restrain one defendant from paying funds, suffered a judgment on the pleadings, and then sought to supplement the complaint to compel different defendants to repay the funds. *Id.* The supplemental complaint changed the entire character of the action by proceeding under a different cause of action against different defendants. *Id.*

{¶23} We noted in *Calex* that the cause of action and defendant stayed the same and what differed was merely the form of relief and the time period over which the conduct occurred. *Calex*, 137 Ohio App.3d at 79 (adding continuing actions). We concluded that the filing was not an improper attempt to add a new cause of action as existed in *Dickman*. *Id.* *Dickman* is also distinguishable because there was already a judgment entered in that case by the time supplementation was attempted.

{¶24} Additionally, *Dickman* was decided prior to adoption of Civ.R. 15, which does not limit the type of amendment under Civ.R. 15(A). In fact, Civ.R. 15 contemplates that many amendments will not have arisen from the conduct, transaction, or occurrence of the original pleading. That is, Civ.R. 15(C) provides: "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." Thus, although an amended petition will not relate back for date purposes if the claim asserted in the amended filing did not arise of the conduct, transaction, or occurrence set forth in petition, such an amendment is still permissible.

{¶25} A petition for adoption of a certain child was filed by the step-father, naming the father as respondent. The altered filing was still a petition for adoption of the same child by the same petitioner naming the same respondent. The allegation that the father's consent was unnecessary was set forth in the original filing, and said allegation remained in the altered filing. Lack of contact for the year preceding the filing was alleged in the original petition and this ground remained in the altered filing. The only difference was the addition of an alternative reason why consent was not required: lack of support. The father's continuing omissions, which began prior to the original filing and continued thereafter, finally ripened into a valid reason during the pendency of the action.

{¶26} We note that an obligor's obligation to pay child support does not stop when a petition for adoption is filed. Also notable is that once the original May 31 petition (alleging only lack of communication) was filed, the father had the opportunity to make a payment prior to request for supplementation, which would have restarted his one-year clock for support purposes. He did not do so. (Nor did he attempt further communication.)

{¶27} Thus, after a year had passed with absolutely no maintenance or support, the step-father supplemented his petition to add this additional reason why the father's consent to the requested adoption was unnecessary. Subsequent omissions by the father occurred after the original pleading. The subsequently occurring omissions pertain to the original cause of action, that being a petition for adoption. *Columbus ex rel. Willits v. Cremean*, 27 Ohio App.2d 137, 160, 273 N.E.2d 324 (1971) (a supplemental pleading contains matter in common with the original complaint). The addition of these subsequent omissions merely continue or add to the original cause of action. *See Calex*, 137 Ohio App.3d at 78; Staff Note Civ.R. 15(E).

{¶28} Consequently, permitting the use of Civ.R. 15(E) supplementation was proper in such a scenario. And even if amendment under Civ.R. 15(A) would have been more appropriate, prejudice in the labeling is not apparent as the court's

discretion to allow either is similar and there existed notice and an opportunity to respond.  This assignment of error is overruled.

ASSIGNMENT OF ERROR NUMBER TWO

{¶29}  Appellant's second assignment of error contends:

{¶30}  "FOLLOWING TWO SEPARATE DAYS OF DISPUTED TESTIMONY FORTY-TWO DAYS APART, PROBATE JUDGE ERRED IN ISSUING FINAL DECREE OF ADOPTION WITHOUT MAKING SPECIFIC FINDINGS OF FACT NOR CONCLUSIONS OF LAW AND WITHOUT FULLY CONSIDERING NATURAL FATHER'S REBUTTAL ARGUMENTS THAT HE HAD JUSTIFIABLE CAUSE IN FAILING TO MAINTAIN CONTACT AND PROVIDE CHILD SUPPORT DURING TIME PERIOD IN QUESTION."

{¶31}  Appellant argues that, although he did not request findings of fact and conclusions of law, the court committed plain error by failing to issue findings and conclusions because it cannot be determined whether the court fully considered his evidence regarding justifiable cause.  He cites to case law providing that the court's duty to file findings and conclusions under Civ.R. 52 is mandatory.

{¶32}  The need for findings of fact and conclusions of law, when not governed by the particular statute being applied, is governed by Civ.R. 52.  Here, the statutes being applied make no provision for automatic findings and conclusions.  *See* R.C. 3107.07(A); 3107.14(C) (if court finds that consent is excused and adoption is in the child's best interests, it may issue a final decree of adoption).  Thus, as appellant acknowledges, we turn to Civ.R. 52.

{¶33}  Pursuant to this rule, when questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties files a timely written request, in which case the court shall state in writing the conclusions of fact found separately from the conclusions of law.  Civ. R. 52 (a timely request is defined as one made before the entry of judgment or not later than seven days after notice of court's announcement, whichever is later).

{¶34}  Appellant notes that the Supreme Court has held "that a trial court has a mandatory duty under Civ.R. 52 to issue findings of fact and conclusions of law

upon request timely made." *In re Adoption of Gibson*, 23 Ohio St.3d 170, 173, 492 N.E.2d 146 (1986), citing *Werden v. Crawford*, 70 Ohio St.2d 122, 124, 435 N.E.2d 424 (1982) (explaining the purpose of the rule and also conditioning the duty "upon timely request"). However, appellant glosses over the "upon request timely made" condition.

**{¶35}** The court's mandatory duty under this rule does not arise until a timely request is made, and if no request is made, there is no duty on the part of the trial court, even in an adoption case. *In re Adoption of Manley*, 2d Dist. No. 18946 (Dec. 14, 2001); *In the Matter of Adoption of Zachary H.*, 6th Dist. No. WM96-013 (Mar. 7, 1997); *In re Adoption of Cockerham*, 5th Dist. No. 1996CA0247 (Jan. 27, 1997). If there is no duty, then there can be no plain error as appellant contends.

**{¶36}** Appellant filed no request for findings and conclusions. Accordingly, the probate court's mandatory duty under Civ.R. 52 never arose. *Id.* Appellant's argument that the court erred in failing to issue findings and conclusions is therefore without merit.

**{¶37}** For the foregoing reasons, the judgment of the trial court is hereby affirmed.


Donofrio, J., concurs.
Waite, P.J., concurs.