MAINTENANCE UNLIMITED, INC., APPELLEE AND CROSS-APPELLANT, *v.* SALEMI, APPELLANT AND CROSS-APPELLEE, ET AL.

(No. 47228—Decided August 2, 1984.)

*Jeffrey P. Posner,* for appellee and cross-appellant.

*Lawrence Friedman, Stephen C. Froberg, Richard E. Fiordalisi, David J. Richards, Jr., David J. Levine* and *Anthony O. Calabrese, Jr.,* for appellant and cross-appellee.

JACKSON, P.J. This is an appeal from a decision by the Court of Common Pleas of Cuyahoga County entering judgment against defendant-appellant, Joseph N. Salemi, as a sanction for failing to comply with requests and court orders calling for discovery. The trial court entered judgment against Salemi for $56,000 in favor of Maintenance Unlimited, Inc., and $10,000 plus indemnification in favor of True Line Design.

Salemi owned property in Euclid, Ohio. He hired True Line Design as general contractor to construct a car wash on the property. True Line hired a subcontractor, Maintenance Unlimited, Inc., by way of oral contract, to lay the floor and foundation, and install water and sewer lines into the property. Salemi took over the general contractor's role, but, apparently, Maintenance Unlimited has not been paid. Maintenance Unlimited sued Salemi and True Line. True Line cross-claimed against Salemi. Salemi did not timely answer the complaint or the cross-claim. He obstructed discovery by failing to appear for depositions and failing to produce documents upon request. After Salemi's repeated failures to comply with discovery requests and orders, the trial court entered judgment by default against him, as sanction pursuant to Civ. R. 37. Salemi has appealed, and Maintenance Unlimited has filed a cross-appeal.

I.  Salemi's Appeal

The appellant, Joseph Salemi, has assigned three errors for review. The first is that the trial court erred in entering judgment by default against him. The third is that the order of the trial court was too vague to enforce by sanction.

A calendar of the events in this lawsuit is set forth below:

May 17, 1982 — Request for production of documents filed by Maintenance Unlimited.

September 10, 1982 — Motion for an order requiring production of documents, filed by Maintenance Unlimited.

October 12, 1982 — Notice of deposition, directed to Joseph Salemi, filed by True Line Design, with subpoena duces tecum attached requiring production of certain documents at the deposition.

November 5, 1982 — Salemi ap-

peared at the scheduled deposition but failed to bring most of the requested documents. Deposition rescheduled to November 19.

November 19, 1982 — Salemi still did not have documents, so his attorney called to reschedule the deposition.

December 3, 1982 — Salemi and his attorney failed to appear for the rescheduled deposition.

December 14, 1982 — Motion for sanctions filed by True Line Design.

December 14, 1982 — Motion for sanctions filed by Maintenance Unlimited.

December 22, 1982 — Hearing on motions for sanctions held.

December 23, 1982 — Court enters order stating in full, "It is ordered that all documents are to be submitted by 12-29-82 noon."

December 29, 1982 — Maintenance Unlimited files a supplemental motion for sanctions pursuant to Civ. R. 37.

January 4, 1983 — True Line files a supplemental motion for sanctions.

January 10 and 12, 1983 — Trial court enters default judgment against Salemi in favor of Maintenance Unlimited and True Line, as sanction for failure to allow discovery.

Counsel for True Line alleged in the pleadings that Salemi had failed to produce the following documents:

1. Some of the receipts and cancelled checks showing payments by Joseph Salemi for work performed and materials used for the construction of the car wash that is the subject of this litigation.

2. Copies of the financial statements, account ledgers, tax returns, savings account statements, checking account statements or other records in the possession of defendant Salemi, his accountant, employee or agent showing the amount of income derived from the operation of the said car wash during the past year and the expenses incurred.

3. Copies of loan application documents made for the purpose of securing construction or permanent financing for the car wash.

4. Copies of documents showing date and amount of disbursements made concerning any construction loan for the car wash and to whom the disbursements were made.

5. Copies of any and all other documents or photographs that defendant Salemi intends to introduce into evidence at the trial of this case.

6. Copies of estimates of cost of construction of the car wash.

Salemi failed to file any pleadings in opposition to the appellees' motions for sanctions. Appellant contends in his brief on appeal that he provided "substantial documentation" to the appellees, and that he acted in good faith.

There are no evidentiary materials in the record demonstrating what documents were produced, and what documents pertinent to this lawsuit remain to be produced. The sole factual issue in dispute is the reasonable value of the labor and materials furnished by Maintenance Unlimited. Documents concerning the profitability of the car wash seem irrelevant to a determination of this factual issue. Moreover, the order of the trial court requiring production of "all documents" is unspecific, and insufficient to give appellant notice of what would constitute compliance with the requests for production.

A case with similar facts is *Toney* v. *Berkemer* (1983), 6 Ohio St. 3d 455. In that case, as in the case at bar, the trial court, in its order requiring the party to comply with discovery requests, failed to specify exactly what the party ought to do to comply with the order. Instead, the court merely ordered the party to answer the interrogatories and the request for production of documents within three days after partial compliance had occurred. The Supreme Court held that the sanction of dismissal was extreme

and unwarranted under those circumstances.

Lesser sanctions, such as imposition of attorney fees, or dismissal of the appellant's counterclaim, were available to the court, and might have been efficacious to enforce compliance with the Rules of Civil Procedure and the orders of the court.

The first and third assigned errors are well-taken.

The second assigned error is that the trial court did not hold a hearing to ascertain damages. The appellee alleges that such a hearing was unnecessary, in view of the account appended to the complaint showing charges for all work performed in the construction of the car wash.

Civ. R. 55(A), governing the procedure in entering default judgment, provides, in relevant part:

"* * * If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties."

The account attached to the complaint itemizes only a portion (less than one-third) of the labor and services provided. In view of the substantial amount of the judgment, a hearing on the amount of damages was both "necessary and proper," within the meaning of the rule.

The second assigned error is also well-taken.

## II. Cross-Appeal of Maintenance Unlimited

In its first assigned error, Maintenance Unlimited contends that the trial court[1] erred in granting Salemi leave to file an answer to the complaint, in the absence of a motion for leave to plead and without a showing of "excusable neglect," as required under Civ. R. 6.[2] In a case on point, the Ohio Supreme Court, in a *per curiam* opinion, held that the trial court committed prejudicial error by granting leave to plead:

"In the absence of any action by the defendant, and pursuant to Civ. R. 55(A), the plaintiffs exercised their right to move for a default judgment, but apparently no action was taken in the trial court upon this motion.

"Instead, the defendant, upon receiving notice of the motion for a default judgment, proceeded to file her answer, but this filing did not comport with the requirements of Civ. R. 6(B)(2), which provides that such a late filing can only be accomplished 'upon motion' and 'where the failure to act was the result of excusable neglect.'

"Moreover, Civ. R. 7(B)(1) requires

---

[1] The record discloses that the improper leave to plead was granted, not by the common pleas judge assigned to the case, but by Administrative Judge Leo M. Spellacy. There is no indication in the file that the assigned judge was "unavailable," as required under C.P. Sup. R. 4, and *Rosenberg* v. *Gattarello* (1976), 49 Ohio App. 2d 87 [3 O.O.3d 151]. Therefore, the leave to plead was irregular on its face. This point is not the subject of a separate assignment of error, however.

[2] Civ. R. 6(B) provides, in relevant part:

"When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; * * *"

that any motion other than those made during a hearing or at a trial 'shall be made in writing,' and Civ. R. 6(D) provides for the *service* of any such written motions. Here, however, the record fails to portray compliance with either of these requirements. Likewise, the record fails to disclose that the belated answer filed on April 14, 1977, or 36 days after expiration of the answer date, contained any certificate of service as required by Civ. R. 5(D).

"While this court is in general agreement with the universal practice of allowing trial courts broad discretion in settling procedural matters, such discretion, as evidenced by Civ. R. 6(B), is not unlimited, and under the circumstances existing on April 14, 1977, some showing of 'excusable neglect' was a necessary prelude to the filing of the answer. Furthermore, the failure of the defendant to comply, even substantially, with the procedures outlined in the Civil Rules subjected her to the motion for a default judgment, and the plaintiffs, having complied with the Civil Rules, had a right to have their motion heard and decided before the cause proceeded to trial on its merits.

"However hurried a court may be in its efforts to reach the merits of a controversy, the integrity of procedural rules is dependent upon consistent enforcement because the only fair and reasonable alternative thereto is complete abandonment." (Emphasis *sic*.) *Miller* v. *Lint* (1980), 62 Ohio St. 2d 209, 214-215 [16 O.O.3d 244].

The record discloses the following sequence of events in this case:

1. February 24; 1982 — Complaint filed by Maintenance Unlimited.

2. March 5, 1982 — Complaint served upon Joseph Salemi.

3. May 17, 1982 — Cross-claim of True Line Design filed.

4. May 29, 1982 — Cross-claim served upon Joseph Salemi.

5. June 3, 1982 — Motion for default judgment filed by Maintenance Unlimited.

6. June 30, 1982 — Salemi filed answer to complaint and to cross-claim.

7. July 1, 1982 — Salemi was granted leave to file an answer.

The trial court erred in granting Salemi leave to plead, in the absence of a motion on his behalf and any justifiable reason for the delay. Cross-appellant's first assigned error is well-taken. A remand on this issue is necessary, for the trial court to determine whether the appellant's failure to timely file an answer was due to excusable neglect, or whether the appellee's motion for default judgment ought to be granted.

Cross-appellant's second, third, and fourth assigned errors contend that the trial court ought to have awarded it attorney fees as sanctions for failure to allow discovery, prejudgment interest, and judgment for $56,724 as prayed for in the complaint, instead of $56,000.

Under Civ. R. 37 the trial court must award attorney fees to the prevailing party, as sanction for failure to obey a discovery order or to appear for a deposition, unless the court "expressly finds" that such an award is not justified.[3] In the case at bar the trial court may well have found that entry of default judgment was sufficient sanction. However, there is no express finding to that effect, as required under the Civil Rules. Therefore this matter must

---

[3] Civ. R. 37(B) and (D) both provide, in relevant part:

"In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court expressly finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."

be remanded for such a determination. The cross-appellant's second assigned error is well-taken.

Prejudgment interest is generally allowable in actions upon verbal contracts, as of the date that "money becomes due and payable," R.C. 1343.03,[4] in this case, when appellee's performance was completed. Where the amount owed is uncertain, and is not capable of ascertainment by mere computation or reference to well-established market values, however, it is not error for the court to deny prejudgment interest. *McKinney* v. *White Sewing Machine* (App. 1964), 95 Ohio Law Abs. 368 [32 O.O.2d 306]. It has also been held that prejudgment interest is not allowable to a subcontractor in a suit against an owner pursuant to R.C. 1343.03, because these parties are not in privity to each other, *i.e.*, they are not parties to a "verbal contract" within the meaning of the statute. *Capital City Lumber Co.* v. *Ellerbrock* (1966), 7 Ohio App. 2d 202 [36 O.O.2d 339].

In a recent decision the Summit County Court of Appeals held that a contractor was entitled to prejudgment interest from the owner on a suit for the reasonable value of labor and materials. *Shaker Savings Assn.* v. *Greenwood Village, Inc.* (1982), 7 Ohio App. 3d 141. There was no privity problem because the owner had dealt directly with the contractor. The court held that the amount owed was reasonably ascertainable because the owner could have asked for statements of the labor and material furnished, as soon as the project was completed.

In the case at bar the appellee alleged that it had entered into an oral contract with True Line Design and Construction Inc. (Paragraph 1 of complaint.) The record fails to disclose any allegation by appellee that it was in privity, or that it had an oral contract with Salemi. Its action against Salemi arises not under a verbal contract, but by operation of law. Thus, R.C. 1343.03(A) is not applicable, and the appellee is not entitled to prejudgment interest. The cross-appellant's third assigned error is not well-taken.

Cross-appellant's fourth assigned error, which alleges that the court should not have entered judgment for less that the amount prayed for, is disposed of and overruled for the reasons stated in disposition of the appellant's second assigned error, in which we found that the trial court should have held a hearing on the amount of damages due the appellee.

Accordingly, the decision of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed and cause remanded.*

ANN MCMANAMON, J., concurs.

PATTON, J., dissents.

PATTON, J. dissenting. Although I

---

[4] R.C. 1343.03(A) provides:

"In cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum, and no more, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract."

concur with the majority in the reversal and remand as to the issues of the required hearing for damages and the denial of prejudgment interest, I must respectfully dissent from the position reached by the majority concerning the entering of a default judgment as a sanction for failure to obey a discovery order. It is my considered opinion, as will be discussed more fully below, that the default judgment was the proper sanction based upon the actions of the appellant which were in blatant disregard of the court's orders and instructions.

The majority relies on *Toney* v. *Berkemer* (1983), 6 Ohio St. 3d 455, stating that the facts were similar to those in the present case and illustrated that a default judgment used as a sanction in the present case was too severe. I respectfully disagree. In *Toney,* the appellant gave *valid* health reasons for the delays pertaining to the interrogatories and document requests. Moreover, the appellant also demonstrated his willingness to aid the court and supply any additional information requested. It is clear from the appellant's actions that there was a good faith attempt on his part to supply the requested materials.

In contrast, the appellant in the present case has failed to demonstrate any attempt at good faith compliance with the court orders. His actions show a blatant disregard for the instructions and orders of the court. On May 17, 1982, appellee Maintenance Unlimited requested production of documents. On September 10, 1982, nearly three months after the request, appellee filed a motion for production based on the appellant's failure to produce the requested documents. The record indicates that on October 18, 1982, appellant finally relinquished only a small amount of the requested materials.

Further instances of bad faith on the part of the appellant can be seen in his actions regarding his deposition. On October 12, 1982, a notice of deposition was filed to be held October 20, 1982. That deposition was postponed until November 5, 1982, pursuant to several requests by the appellant. On November 5, 1982, the deposition could not be completed because the appellant failed to produce documents. The deposition was continued until November 19th, but was again rescheduled for December 3, 1982 at still another request by the appellant. On December 3, 1982, the appellant failed to appear. It is apparent that both the court and the appellee, Maintenance Unlimited, granted numerous continuances solely for the convenience of the appellant, and the appellant abused their generosity.

On December 14, 1982, appellee filed a motion for sanctions which was heard on December 22, 1982. As a result, appellant was ordered to produce all documents by December 29, 1982. Appellant failed to comply with the court order. After this final disobedience by the appellant, the appellee filed additional sanction motions and was granted default judgment.

It is clear from the record that the appellant exhibited a total disregard for the instructions of the court. Civ. R. 37(B) provides the trial court with broad discretion to impose sanctions. When dealing the harshest sanction of default, the record must indicate that the failure to comply has been due to willfulness, bad faith, or any fault of the noncomplying party. *Societe Internationale* v. *Rogers* (1958), 357 U.S. 197. Furthermore, the burden to explain a failure to comply with discovery is on the defaulting party and the failure presumes bad faith or fault. *Ward* v. *Hester* (1972), 32 Ohio App. 2d 121 [61 O.O.2d 124], affirmed (1973), 36 Ohio St. 2d 38 [65 O.O.2d 181], certiorari denied (1974), 415 U.S. 984.

The record before the court illustrates a consistent disregard by the appellant of the Rules of Civil Pro-

cedure. Never once did the appellant, in response to appellee's motion for discovery, file a motion to clarify, make certain or more specific. The trial court had shown great patience and leniency with the appellant by giving him numerous opportunities to rectify his lack of compliance. The appellant failed to use those opportunities. The court granted the sanctions only after appellant abused the privileges shown to him by the court. Accordingly, I find that there was no abuse of discretion by the trial court and the sanction of default cannot be disturbed, and I dissent from the position assumed by the majority.