[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Denise Pierre, appeals a default judgment entered against her in favor of plaintiff-appellee, Community Management Corporation. The record shows that on July 16, 1999, Community Management filed a complaint against Pierre seeking, among other things, damages for breach of a lease agreement. It alleged that Community Management was entitled to damages of $600 for unpaid rent, damages for use and occupancy of the premises at the rate of $20 per day from July 1, 1999, until the date of judgment, and damages of $20 per day from the "restitution" of the premises until its re-rental or the expiration of the lease agreement. Finally, the complaint sought compensation for "additional expenses not to exceed $1,500" for "repair of damages to the leasehold beyond ordinary wear and tear and for costs prematurely necessitated in refurbishing the premises for re-rental."
When Pierre failed to file an answer, Community Management filed a motion for default judgment in which it claimed that its damages were liquidated. The trial court entered a default judgment against Pierre in the amount of $2,367. In her sole assignment of error, Pierre now contends that the trial court erred in entering a default judgment without a hearing, because Community Management's complaint failed to specify damages. We agree.
Generally, a hearing on the issue of damages is necessary before the entry of a default judgment, unless the claim for damages is liquidated.Buckeye Supply Co. v. Northeast Drilling Co. (1985), 24 Ohio App.3d 134,136, 493 N.E.2d 964, 965; Fidelity Fed. Savings Bank v. Williamson (June 26, 1996), Hamilton App. No. C-940290, unreported; Schroeder v. Gold
(Jan. 22, 1987), Montgomery App. No. 10052, unreported. A liquidated claim is one that can be determined with exactness from the agreement between the parties or by the application of definite rules of law. HudChin Yin v. Amino Products Co. (1943), 141 Ohio St. 21, 29, 46 N.E.2d 610,614-614; Outdoor Outfitters, Inc. v. Fireman's Fund Ins. Co. (1994),98 Ohio App.3d 733, 736, 649 N.E.2d 871, 873; Coleman v. Gerdsen (Dec. 14, 1994), Hamilton App. No. C-930821, unreported.
In this case, the claim for damages was not supported by an itemization or by reference to any specific documents. Further, the amount of damages was not readily ascertainable from the language of the complaint. Consequently, Community Management's damages were not liquidated, and, therefore, the trial court abused its discretion by failing to hold a hearing on the issue of damages. See Maintenance Unlimited, Inc. v.Salemi (1984), 18 Ohio App.3d 29, 32, 480 N.E.2d 113, 116-117; FidelityFederal, supra; Bohl v. Vigh (Jan. 30, 1995), Clermont App. No. CA94-06-046, unreported; Schroeder, supra. Accordingly, we sustain Pierre's sole assignment of error, reverse the trial court's judgment, and remand the case for further proceedings.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.