[Cite as *Lycan v. Cleveland*, 2019-Ohio-3510.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| JANINE LYCAN, ET AL., | : | |
| Plaintiffs-Appellees/<br>Cross-Appellants, | : | |
| | : | |
| | | Nos. 107700 and 107737 |
| v. | : | |
| CITY OF CLEVELAND, ET AL., | : | |
| Defendants-Appellants/<br>Cross-Appellees. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 29, 2019

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-09-686044

*Appearances:*

Bashein & Bashein Co., L.P.A., W. Craig Bashein, and John P. Hurst; Paul W. Flowers Co., L.P.A., Paul W. Flowers, and Louis E. Grube; The Dickson Firm, L.L.C., Blake A. Dickson, *for plaintiffs-appellees/cross-appellants,* Janine Lycan*, et al.*

Barbara A. Langhenry, Cleveland Director of Law, and Gary S. Singletary and Craig J. Morice, Assistant Directors of Law, *for defendant-appellant/cross-appellee,* City of Cleveland.

MARY EILEEN KILBANE, A.J.:

{¶ 1} In this consolidated appeal, both the plaintiffs-appellees/cross-appellants, Janine Lycan, et al. (the "class") and defendant-appellant/cross-appellee, the city of Cleveland (the "City"), appeal the trial court's decision awarding final judgment to the class in the amount of $4,121,185.89 and denying the class's request to award an additional amount of $1,841,563.51 as the time-value of the funds that were wrongfully withheld.[1]  For the reasons set forth below, we affirm.

{¶ 2} The instant appeal has had a long procedural history spanning over ten years and arises from the City's use of automated traffic cameras.  Cleveland Codified Ordinances ("CCO") 413.031 imposes liability on the "owner of a vehicle" committing a red-light or speeding offense.  CCO 413.031(b) and (c).  The ordinance formerly defined "vehicle owner" as "the person or entity identified by the Ohio Bureau of Motor Vehicles, or registered with any other State vehicle registration office, as the registered owner of a vehicle."  Former CCO 4310.031(p)(3).

{¶ 3} In *Dickson & Campbell, L.L.C. v. Cleveland*, 181 Ohio App.3d 238, 2009-Ohio-738, 908 N.E.2d 964, ¶ 50 (8th Dist.), this court concluded, based on the plain meaning of "vehicle owner," that former CCO 413.031 did not impose liability on vehicle lessees.  In light of *Dickson & Campbell*, the City subsequently amended CCO 413.031, effective March 11, 2009.  The ordinance now states that a

---

[1] In Appeal No. 107700, the class is the cross-appellant.  In Appeal No. 107737, the City is the appellant.  Both appeals have been consolidated for hearing and disposition.

"vehicle owner" includes the "lessee" of a leased or rented vehicle. CCO 413.031(p)(4).

{¶ 4} The underlying class action is a result of this court's ruling in *Dickson & Campbell*. The facts and procedural history, after the filing of the class action, can be found in the City's appeal to the Ohio Supreme Court in *Lycan v. Cleveland*, 146 Ohio St.3d 29, 2016-Ohio-422, 51 N.E.3d 593 ("*Lycan III*"):

*Plaintiffs' class-action lawsuit*

After the *Dickson & Campbell* decision was announced, Lycan filed a class-action complaint on February 26, 2009, in Cuyahoga County Court of Common Pleas challenging Cleveland's imposition of fines against vehicle lessees under former CCO 413.031. An amended class-action complaint, filed on May 28, 2009, added Pavlish, Task, Charna, Fogle, and Murphy as named plaintiffs. The amended complaint alleged that each of the plaintiffs received a notice of liability from Cleveland stating that an automated traffic camera had identified the vehicle described and pictured in the notice as the vehicle being driven during the commission of a red-light or speeding offense. Plaintiffs alleged that they had leased the vehicles identified in the notices of liability but were never the vehicles' registered owners.

Instead of filing a notice of appeal and requesting a hearing to challenge their tickets, Lycan, Pavlish, Charna, and Fogle paid the $100 fine. Murphy received five notices of liability and paid a reduced amount for one ticket; Cleveland agreed to accept this as payment in full for all five tickets. Task received notices of liability for two separate speeding violations. Task did not pay the fines for either ticket and subsequently received a demand for payment of $320 in fines and penalties.

In their complaint, plaintiffs contended that Cleveland had no authority under the former version of CCO 413.031 to collect fines from plaintiffs as vehicle lessees. As relief, plaintiffs sought the following: (1) disgorgement, under an unjust-enrichment theory, of fines paid to the city, (2) an injunction preventing Cleveland from enforcing the ordinance against vehicle lessees, and (3) declaratory relief. Plaintiffs also filed a motion for class certification.

On November 24, 2009, the trial court granted Cleveland's motion for judgment on the pleadings, finding that plaintiffs had waived the right to pursue judicial remedies by paying their fines and failing to appeal their citations as permitted by CCO 413.0319(k). In the same order, the trial court denied plaintiffs' class-certification motion.

*Plaintiffs' appeal to the Eighth District ("Lycan I")*

Plaintiffs appealed to the Eighth District Court of Appeals. The appeals court affirmed the trial court's judgment dismissing plaintiffs' claim for injunctive relief, finding that an injunction would serve no purpose because the offending ordinance has since been repealed. *Lycan v. Cleveland*, 8th Dist. Cuyahoga No. 94353, 2010-Ohio-6021, ¶ 9 ("*Lycan I*"). But the appeals court reversed the trial court's dismissal of plaintiffs' claims for restitution and declaratory relief. *Id.* at ¶ 8, 10. The court found that plaintiffs' failure to challenge the fines before payment did not necessarily foreclose plaintiffs from proving a set of facts under which it would be unjust for Cleveland to retain the paid fines. *Id.* at ¶ 8. The appeals court also reversed the denial of plaintiffs' class-certification motion and remanded for further proceedings on that question. *Id.* at ¶ 11.

This court declined jurisdiction over Cleveland's discretionary appeal. 128 Ohio St.3d 1501, 2011-Ohio-2420, 947 N.E.2d 683.

*Remand to the trial court*

On remand, and after completion of discovery, the trial court addressed the parties' competing motions for summary judgment on plaintiffs' unjust-enrichment claim. In support of its motion, Cleveland argued that the administrative process provided an adequate remedy to those receiving civil notices of liability and that the doctrine of res judicata therefore precluded review of the class's unjust-enrichment claim. More specifically, Cleveland argued that its notices of liability, combined with the opportunity to participate in the administrative-appeals process, constituted quasi-judicial administrative proceedings from which the preclusive effect of res judicata arose.

In an order dated February 8, 2013, the trial court granted partial summary judgment for plaintiffs. The court's entry consisted of two lines. The first line stated that plaintiffs' "[motion] for partial summary judgment * * * filed 7/25/2012, is granted." The second line of the order set a hearing date on plaintiffs' motion for class certification and appointment of class counsel. The order contained no other findings

of law or fact. Cleveland did not seek interlocutory review of this order by or before the March 11, 2013 appeal deadline. *See* Ohio App.R. 4(A) (providing that a notice of appeal must be filed within 30 days of a judgment entry).

The trial court held a class-certification hearing on February 19, 2013. Cleveland did not assert res judicata in its memorandum opposing class certification or at the class-certification hearing. On February 26, 2013, the court granted class certification and found that plaintiffs met the seven requirements of Civ.R. 23. The court certified the following class: "All persons and entities who were not a 'vehicle owners' under CCO 413.031, but were issued a notice of citation and/or [assessed] a fine under that ordinance, prior to [M]arch 11, 2009, by/or on behalf of Defendant, City of Cleveland." The class-certification order contains no discussion of res judicata.

*Cleveland's appeal to the Eighth District ("Lycan II")*

On March 27, 2013, pursuant to R.C. 2505.02(B)(5), which allows immediate appeal of a class-certification order, Cleveland appealed the February 26, 2013 order to the Eighth District. Cleveland's first assignment of error addressed the February 26, 2013 class-certification order and raised two arguments: that plaintiffs failed to meet the requirements of Civ.R. 23 and that res judicata precluded class relief. Cleveland's second assignment of error alluded to the February 8, 2013 partial-summary-judgment order. However, Cleveland did not address the summary-judgment order in its brief.

From the outset, the court distinguished the two orders and noted that the February 8, 2013 partial summary judgment was "not yet appealable" and was "not addressed in the substance of [Cleveland]'s brief." *Lycan v. Cleveland*, 8th Dist. Cuyahoga No. 99698, 2014-Ohio-203, 6 N.E.3d 91, ¶ 12 ("*Lycan II*"). The court therefore limited its review to the class-certification order: "the issues raised on appeal pertain to whether the Civ.R. 23(A) class action requirements were met and whether the action is barred by res judicata." *Id.*

The court began with the latter question and considered whether plaintiffs' failure to appeal their traffic citations through Cleveland's administrative procedure precluded their class action. The doctrine of res judicata, as the court noted, provides that "'a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.'" *Id.* at ¶ 15, quoting *Grava v. Parkman*

*Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995), syllabus. The court concluded that plaintiffs' failure to pursue administrative relief did not bar plaintiffs' class action "because there was never an actual 'judgment' rendered by a court, or administrative tribunal, of competent jurisdiction." *Id.* Moreover, the court noted, even if an administrative decision had been rendered, Cleveland's parking-violations bureau could not have decided plaintiffs' claims for unjust enrichment and declaratory judgment. *Id.* The court declined to follow the "expansive view of res judicata" set forth in *Carroll v. Cleveland*, 522 Fed.Appx. 299 (6th Cir.2013), and *Foor v. Cleveland*, N.D.Ohio No. 1:12 CV 1754, 2013 U.S. Dist. LEXIS 115552, 2013 WL 4427432 (Aug. 15, 2013). *Id.* at ¶ 14. The court concluded that "fairness and justice would not support the application of res judicata in this case." *Id.* at ¶ 19. The court then proceeded to address Cleveland's challenge to class certification. The court concluded that the class met all requirements under Civ.R. 23 and affirmed the trial court's class-certification order.

*Id.* at ¶ 7-18.

{¶ 5} The City appealed from *Lycan II* to the Ohio Supreme Court in *Lycan III*. The Ohio Supreme Court accepted review on the following proposition of law:

Cleveland Codified Ordinance 413.031 provides an adequate remedy in the ordinary course of law to those receiving civil notices of liability by way of the administrative proceedings set forth in the ordinance. *State ex rel. Scott v. Cleveland*[,] 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923. Individuals who receive a civil citation issued pursuant to a local ordinance and who knowingly decline to take advantage of an available adequate remedy at law are precluded by res judicata from subsequently acting as class representatives and presenting equitable claims predicated in unjust enrichment. *Accord Carroll v. Cleveland*, 522 Fed.Appx. 299 (6th Cir. Ohio 2013).

*See* 139 Ohio St.3d 1416, 2014-Ohio-2487, 10 N.E.3d 737.

*Lycan III*, 146 Ohio St.3d 29, 2016-Ohio-422, 51 N.E.3d 593, at ¶ 19.

{¶ 6} In *Lycan III*, the City did not challenge our conclusions in *Lycan II* regarding whether the proposed class met the requirements of Civ.R. 23. Rather, it only argued that the class could not "proceed with their class action because they did

not take advantage of the administrative process and that, therefore, the doctrine of res judicata bars them from relitigating their waived challenges to the traffic citations." *Id.* at ¶ 20. The Supreme Court did not reach this argument. Instead, it concluded that this court "improperly ruled on the question of res judicata, because the trial court did not decide that question in a final, appealable order." *Id.* at ¶ 22.

{¶ 7} In reaching its conclusion, the *Lycan III* court acknowledged that:

[t]he parties do not dispute that the order that Cleveland appeals here — the trial court's February 26, 2013 class-certification order — is a final, appealable order. *See* R.C. 2505.02(B)(5) ("An order that determines that an action may or may not be maintained as a class action" is a final, appealable order). That order, however, addresses only whether plaintiffs met the seven Civ.R. 23 requirements to maintain a class action. It contains no findings or discussion pertaining to res judicata or the preclusive effect of Cleveland's administrative process. Therefore, it provides no basis for reviewing the res judicata question in this appeal.

Nor does the trial court's February 8, 2013 entry granting partial summary judgment provide a basis for reviewing the res judicata question. The Eighth District declined to review that ruling because it was "not yet appealable and is not addressed in the substance of [Cleveland's] brief." *Lycan II*, 2014-Ohio-203, 6 N.E.3d 91, at ¶ 12. We agree and note that if the order had been final and appealable on February 8, 2013, then Cleveland's March 27, 2013 appeal to the Eighth District would have been untimely. We therefore decline to address the partial-summary-judgment order in this appeal.

*Id.* at ¶ 23-24.

{¶ 8} As a result, the Supreme Court affirmed in part and vacated in part our decision in *Lycan II*. The court affirmed the portion of *Lycan II* with respect to the class certification, noting that City has waived any arguments with regard to certification because it did not assert a proposition of law or present any arguments in its briefs challenging the trial court's finding that plaintiffs satisfied the Civ.R. 23

class-action requirements. *Lycan III* at ¶ 32. The Supreme Court vacated the portion of *Lycan II* addressing res judicata. The court concluded that we "erred in deciding that res judicata barred [the class's] claims, in the absence of a final, appealable order from the trial court addressing that question." *Id.* The matter was then remanded to the trial court for further proceedings.

{¶ 9} Following the Ohio Supreme Court's remand in *Lycan III*, the City filed a motion for reconsideration and for summary judgment in August 2016. The city sought reconsideration of the trial court's decision granting the class's motion for partial summary judgment. In its motion, the City stated that it "does not re-litigate the issue of res judicata with the motion." Rather, the City focused its arguments on the class's failure to exhaust administrative remedies and standing. In support of its argument, the City relied on *Walker v. Toledo*, 143 Ohio St.3d 420, 2014-Ohio-5461, 39 N.E.3d 474. The class opposed.

{¶ 10} After a hearing on the matter, the trial court denied the City's motion. In its opinion, the court stated:

> [T]he [City] filed the instant motion based upon the Supreme Court case of [*Walker*]. In that case, the Supreme Court addressed the issue of whether Ohio municipalities have "home-rule" authority to establish administrative proceedings in furtherance of so-called "photo-enforcement" ordinances that must be exhausted before an individual can pursue judicial remedy. The *Walker* Court answered in the affirmative.
>
> In this case, the [City] argues that the [class] failed to exhaust the administrative remedy made available to them, and thus their claims should be dismissed. The [class] counter[s] that the administrative remedy available to them was not adequate.

The Court of Appeals of Ohio, Eighth District has held that "[w]here an administrative agency has no power to afford the relief sought or an administrative appeal would otherwise be futile, exhaustion of administrative remedies is not prerequisite to seeking judicial relief." *San Allen, Inc. v. Buehrer*, 8th Dist. Cuyahoga No. 99786, 2014-Ohio-2071, ¶ 64; citing [*State ex rel. Teamsters Local Union No. 436 v. Cuyahoga Cty. Bd. Of Commrs.*, 132 Ohio St.3d 47, 2012-Ohio-1861, 969 N.E2d 224,] ¶ 23-24.

The putative class in this case includes "all persons who were not a 'vehicle owner' under CCO413.031, but were issued notice of citation and/or assessed fine under that ordinance, prior to March 11, 2009," by the [City]. The [class] argue[s] that even though the ordinance in question specifically applied to vehicle owners at the time they were issued citations, they were issued citations while driving leased vehicles.

The [class] provided the deposition testimony of Maria Vargas, then the [City's] Administrator of the Parking Violations Bureau and Photo Safety Division, as evidence that any administrative remedy that they would have availed themselves of would have been futile. Specifically, Vargas testified that any motorist raising the argument during an administrative hearing that they were not the owners of the vehicle cited and thus not subject to the ordinance would lose such an appeal. (Vargas Deposition pp. 168-170.) The basis of her testimony was set of rules titled "City of Cleveland Operation Safe Streets Photo Enforcement Business Rules" that instructs that drivers of leased vehicles were to be identified and notified of citations the same as vehicle owners. (Vargas Deposition Exhibit 2.)

Based upon the foregoing, the Court finds that while there is no dispute that the [class] violated traffic laws, they were thereafter not afforded an adequate forum to dispute citations issued pursuant to CCO 413.031. Because the election to participate in the administrative hearing process created by the [City] would have been futile, the Court finds that the [class was] not required to avail themselves of that process in order to pursue judicial remedy. Accordingly, the [City's] Motion for Reconsideration is DENIED.

{¶ 11} The class then proceeded to finalize the class action proceedings by filing a motion for order of disgorgement, appointment of a claims administrator, approval of notice, and scheduling of a final hearing to determine the total

judgment. A series of pretrials were conducted with the court, and BrownGreer PLC ("BrownGreer") was appointed as the claims administrator. Further meetings were conducted between the parties and the court. During a hearing that was held on June 6, 2017, the City argued that a dismissal was required by this court's decision in *Eighmey v. Cleveland*, 8th Dist. Cuyahoga No. 104779, 2017-Ohio-2857.[2] The trial court rejected this contention, stating that the law of the case doctrine required adherence to the *Lycan III* remand instructions.

{¶ 12} In August 2017, the class filed a motion for implementation order requiring the City to bear the administrative expenses in concluding the class action proceeding. The trial court granted the motion and issued scheduling for the final hearing on August 1, 2018. Notice of the hearing and of the right to be heard was issued to all members of the class. Out of over 31,000 class members, Jeffrey Kahn ("Kahn") was the only one to oppose the entry of final judgment. He submitted a notice of intent to object to the court in which he represented that he had received notice of the settlement and objected to both attorney fees for class counsel and incentive awards for the named plaintiffs.

{¶ 13} Kahn appeared at the final hearing in August 2018. The parties entered certain stipulations and presented evidence on contested issues. The City did not dispute the class's satisfaction of the class administration orders or the methodologies for calculating the restitution award. The class asked the court for

---

[2] This court reconsidered and revised *Eighmey* in *Eighmey v. Cleveland*, 8th Dist. Cuyahoga No. 104779, 2017-Ohio-7092.

an additional $1,841,563.51 to the disgorgement order, as an estimate of the time-value of the funds that were wrongfully withheld. The trial court took the matter under advisement, and requested briefing on the question of whether an award of equitable disgorgement should include a reasonable estimate of the time-value of the funds that were wrongfully withheld (i.e., lost investment income-profits).

{¶ 14} The class submitted its brief, arguing that a defendant who has been wrongfully withholding funds should be required under principles of equity to return not only the amount originally collected, but also a reasonable estimate of the income-profits that would have been generated from the funds. The City opposed the request for an additional award.

{¶ 15} In its judgment entry, the court resolved all remaining issues and ordered the City to pay $4,121,185.89 as restitution for the "civil fines and penalties that were wrongfully collected and withheld by [the City]." The court further found "that interest based upon the reasonably anticipated gains from these misappropriated funds is not recoverable in this action."

{¶ 16} It is from this order that the City appeals and the class cross-appeals, raising the following assignments of error for review:[3]

## ASSIGNMENT OF ERROR ONE

The trial court erred in granting summary judgment to [the class] and issuing a final judgment and award in favor of the class as the members of the class did not participate in the administrative hearing process

---

[3] Kahn filed his notice of appeal in Appeal No. 107700. The class filed a cross-appeal challenging the trial court's refusal to include an award of the time-value of the wrongfully withheld funds. Kahn dismissed his appeal in December 2018, and the class was ordered to proceed with their cross-appeal in Appeal No. 107700.

established by CCO 413.031 and therefore failed to exhaust the administrative process available to them. Members of the class have no right to the judicial remedy afforded to them by the trial court as a result of their failure.

## ASSIGNMENT OF ERROR TWO

The trial court erred in granting summary judgment to [the class] and issuing a final judgment and award in favor of the class as the members of the class lacked standing to seek judicial remedy.

## ASSIGNMENT OF ERROR THREE

The trial court erred in granting summary judgment to [the class] and issuing a final judgment and award in favor of the class as the members of the class are barred from proceeding by principles of res judicata and collateral estoppel.

## ASSIGNMENT OF ERROR FOUR

The trial court erred in granting summary judgment to [the class] and issuing a final judgment and award in favor of the class given the established unclean hands of each of the members of the class. The judgment and award of the trial court violated applicable principles of equity.

## ASSIGNMENT OF ERROR FIVE

The trial court erred in granting summary judgment to [the class] and issuing a final judgment and award in favor of the class of non-owners where the payments by [the class] * * * were mistakes of law and their voluntary payments were not subject to recoupment.

## ASSIGNMENT OF ERROR SIX

The trial court erred in ordering [the City] to pay the fees and expenses incurred by [BrownGreer] as the appointed claims administrator in this matter.

## CROSS-ASSIGNMENT OF ERROR

The trial court erred as a matter of law, and otherwise committed an abuse of discretion, in determining that an award of the time-value of the wrongfully collected funds is not recoverable in an action for equitable relief.

Summary Judgment

{¶ 17}   In the first, second, third, fourth, and fifth assignments of error, the City challenges the trial court' grant of summary judgment.  The City argues the trial court erred because:   (1) the class failed to exhaust the administrative process available to them by not participating in the administrative hearing process established by CCO 413.031 before filing the instant class action; (2) the class lacks standing for failing to request a hearing as set forth in CCO 413.031; (3) the class is barred from proceeding by principles of res judicata and collateral estoppel; (4) the class has unclean hands by violating the City's traffic laws; and (5) the payments by the class were mistakes of law and their voluntary payments were not subject to recoupment.

{¶ 18}  We review an appeal from summary judgment under a de novo standard of review.  *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241; *Zemcik v. LaPine Truck Sales & Equip. Co.*, 124 Ohio App.3d 581, 585, 706 N.E.2d 860 (8th Dist.1998).  In *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 369-370, 1998-Ohio-389, 696 N.E.2d 201, the Ohio Supreme Court set forth the appropriate test as follows:

> Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 1995-Ohio-286, 653 N.E.2d 1196, paragraph three of the syllabus.  The party moving for summary judgment bears the

burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107, 662 N.E.2d 264.

{¶ 19} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385, 1996-Ohio-389, 667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 1992-Ohio-95, 604 N.E.2d 138.

Administrative Remedies

{¶ 20} In the first assignment of error, the City argues the class failed to exhaust administrative remedies prior to filing its class action. The City, relying on *Walker*, raised this argument in its motion for reconsideration, which was denied by the trial court. We agree with the trial court's decision.

{¶ 21} In *San Allen, Inc. v. Buehrer*, 8th Dist. Cuyahoga No. 99786, 2014-Ohio-2071, we acknowledged that a party "must generally 'exhaust any administrative remedy that could provide him with the relief he seeks' before seeking judicial intervention." *Id.* at ¶ 63, quoting *Driscoll v. Austintown Assocs.*, 42 Ohio St.2d 263, 273, 328 N.E.2d 395 (1975). But, we also found that "[w]here an administrative agency has no power to afford the relief sought or an administrative appeal would otherwise be futile, exhaustion of administrative remedies is not

prerequisite to seeking judicial relief." *Id.* at ¶ 64; citing *State ex rel. Teamsters Local Union No. 436*, 132 Ohio St.3d 47, 2012-Ohio-1861, 969 N.E.2d 224, ¶ 23-24.

{¶ 22} In the instant case, the class includes "[a]ll persons who were not a 'vehicle owner' under CCO 413.031, but were issued notice of citation and/or assessed fine under that ordinance, prior to [M]arch 11, 2009," by the City.

{¶ 23} The deposition testimony of Administrator Vargas, the City's then-Administrator of the Parking Violations Bureau and Photo Safety Division, revealed that any administrative remedy the class would have availed themselves to would have been futile. Specifically, Administrator Vargas testified that any motorist raising the argument during an administrative hearing that they were not the owners of the vehicle cited and thus not subject to the ordinance would lose such an appeal. (Vargas Deposition pp. 168-170.) Her testimony was based on the "City of Cleveland Operation Safe Streets Photo Enforcement Business Rules," which stated that drivers of leased vehicles were to be identified and notified of citations the same as vehicle owners. (Vargas Deposition exhibit No. 2.)

{¶ 24} In light of the foregoing, it appears that the class was not afforded an adequate forum to dispute any citation issued under CCO 413.031. Therefore, any participation in the City's administrative hearing process would have been futile. As a result, the class was not required to exhaust administrative remedies prior to pursuing the current judicial remedy.

{¶ 25} Accordingly, the first assignment of error is overruled.

<u>Standing</u>

{¶ 26} In the second assignment of error, the City argues the class lacks standing. In *Lycan II,* we specifically addressed the City's standing argument and found:

> The second requirement for class certification is that the class representative must have proper standing, which requires that "the plaintiff must possess the same interest and suffer the same injury shared by all members of the class that he or she seeks to represent." [*Hamilton v. Ohio Sav. Bank*, 82 Ohio St.3d 67, 74, 694 N.E.2d 442 (1998)]. There is competent evidence in the record that each of the appellees received a notice of liability from the city's parking violations bureau that asserted a violation photographed by an automatic traffic enforcement system, and that each of the appellees was not the "vehicle owner." * * * The appellees possess the same interest and suffer the same injury as the class they seek to represent."

*Lycan II*, 2014-Ohio-203, 6 N.E.3d 91, ¶ 30.

{¶ 27} The Ohio Supreme Court affirmed this finding in *Lycan III* when our decision to certify the class was upheld. *Id.*, 146 Ohio St.3d 29, 2016-Ohio-422, 51 N.E.3d 593, ¶ 31-32. In fact, the City specifically did not challenge this court's conclusion in *Lycan II* regarding class action certification. The *Lycan III* court noted that the City "does not challenge the Eighth District's conclusions regarding whether the proposed class met the requirements of Civ.R. 23." *Id.* at ¶ 20. The court further noted that the City contends it

> preserved the res judicata issue on appeal by raising [the class's] lack of standing as a defense to class certification. * * * Res judicata and standing are not interchangeable defenses, however. * * * [T]o the extent that [the City] raises standing as an independent ground for reversing class certification, we decline to address that issue here because [the City] did not present a proposition of law to this court concerning standing. *See Estate of Ridley v. Hamilton Cty. Bd. of Mental Retardation & Dev. Disabilities*, 102 Ohio St.3d 230, 2004-

Ohio-2629, 809 N.E.2d 2, ¶ 18 (declining to address argument raised by party in merit brief that had not been accepted as proposition of law); *In re Timken Mercy Med. Ctr.*, 61 Ohio St.3d 81, 87, 572 N.E.2d 673 (1991) (same).

*Id.* at ¶ 26.

{¶ **28**} Under the law of the case doctrine, "the decision of a reviewing court in a case remains the law of that case on legal questions involved for all subsequent proceedings in the case at both trial and reviewing levels." (Citations omitted.) *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984). This "rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution." *Id.*, citing *State ex rel. Potain v. Mathews*, 59 Ohio St.2d 29, 391 N.E.2d 343 (1979). Therefore, we are bound by the law of the case in *Lycan II* and the Ohio Supreme Court's decision in *Lycan III* and cannot address the City's standing argument.

{¶ **29**} Accordingly, the second assignment of error is overruled.

<u>Res Judicata</u>

{¶ **30**} In the third assignment of error, the City argues the class is barred by res judicata or collateral estoppel. We note that in *Lycan II* the City appealed the trial court's decision granting the class certification. The City then made the deliberate decision to submit a single proposition of law to the Ohio Supreme Court in *Lycan III* that focused only upon res judicata. The *Lycan III* court affirmed our decision with regard to the class certification and vacated our decision in *Lycan II* with respect to res judicata. *Lycan III*, 146 Ohio St.3d 29, 2016-Ohio-422, 51 N.E.3d

593 at ¶ 31-32. The court found that we "improperly ruled on the question of res judicata, because the trial court did not decide that question in a final, appealable order." *Lycan III* at ¶ 22. As a result, the matter was remanded to the trial court for further proceedings.

{¶ 31} Following the Ohio Supreme Court's remand in *Lycan III*, the City never raised the res judicata argument, nor did it ask the trial court to rule on this issue.[4] In fact, in its motion for reconsideration and motion for summary judgment, the City specifically stated that it "does not re-litigate the issue of res judicata with the motion." The City then appealed from the final judgment of the trial court awarding the class $4,121,185.89 as restitution. The final order does not address the issue of res judicata.

{¶ 32} We are now presented with a final order by the trial court, but the City failed to raise the issue of res judicata prior to the court's final judgment. It is well-established that arguments raised for the first time on appeal are generally barred and a reviewing court will not consider issues that the appellant failed to raise in the trial court. *Cawley JV, L.L.C. v. Wall St. Recycling L.L.C.*, 2015-Ohio-1846, 35 N.E.3d 30, ¶ 17 (8th Dist.); *Stores Realty Co. v. Cleveland*, 41 Ohio St.2d 41, 43, 322 N.E.2d 629 (1975). As we stated in *Orefice v. Orefice*, 8th Dist. Cuyahoga No. 70602, 1996 Ohio App. LEXIS 5752 (Dec. 19, 1996):

> It is fundamental to appellate review that issues not presented to the trial court may not be initially reviewed on appeal, such that a party

---

[4] The City only raised the affirmative defense of collateral estoppel in its answer to the class's complaint.

may not assert new legal theories for the first time before the appellate court. *Kleinfeld v. Link* (1983), 9 Ohio App.3d 29, 457 N.E.2d 1187; *AMF, Inc. v. Mravec* (1981), 2 Ohio App.3d 29, 440 N.E.2d 600.

*Id.* at *12.

**{¶ 33}** Indeed, "'[s]uch arguments are barred by the doctrine of waiver for failure to raise these arguments before the trial court.'" *Cawley JV* at ¶ 17, quoting *Hollish v. Maners*, 5th Dist. Knox No. 2011CA000005, 2011-Ohio-4823, ¶ 44, quoting *Carrico v. Drake Constr.*, 5th Dist. Stark No. 2005CA00201, 2006-Ohio-3138, ¶ 37. Therefore, based on the foregoing, the City waived its res judicata argument and cannot now argue, for the first time on appeal, that the class is barred by res judicata.

**{¶ 34}** Accordingly, the third assignment of error is overruled.

### Unclean Hands

**{¶ 35}** In the fourth assignment of error, the City argues the class has "unclean hands" because the class members violated the City's traffic laws.

**{¶ 36}** With an unclean hands argument, the City must demonstrate that the class "engaged in reprehensible conduct with respect to the subject matter of the action." *State ex rel. Coughlin v. Summit Cty. Bd. of Elections*, 136 Ohio St.3d 371, 2013-Ohio-3867, 995 N.E.2d 1194, ¶ 16, citing *Goldberger v. Bexley Properties*, 5 Ohio St.3d 82, 84-85, 448 N.E.2d 1380 (1983).

**{¶ 37}** In *Dickson & Campbell*, we concluded that lessee of the vehicle cannot be held liable under CCO 413.031 as the vehicle owner. *Id.*, 181 Ohio App.3d 238, 2009-Ohio-738, 908 N.E.2d 964, ¶ 37-55. Because the class did not violate

CCO 413.031, the class could not have engaged in reprehensible conduct. As a result, it cannot have unclean hands.

{¶ 38} The fourth assignment of error is overruled.

<u>Voluntary Payments</u>

{¶ 39} In the fifth assignment of error, the City argues that no recovery is available for the class members because they voluntarily paid their civil penalties.

{¶ 40} We recently addressed the voluntary payment doctrine in *Cleveland v. Ohio Bur. of Workers' Comp.*, 2018-Ohio-846, 109 N.E.3d 84 (8th Dist.), *discretionary appeal allowed,* 153 Ohio St. 3d 1432, 2018-Ohio-2639, 101 N.E.3d 464, where we stated:

> "[i]n the absence of fraud, duress, compulsion or mistake of fact, money, voluntarily paid by one person to another on a claim of right to such payment cannot be recovered merely because the person who made the payment mistook the law as to his liability to pay." *State ex rel. Dickman v. Defenbacher*, 151 Ohio St. 391, 395, 86 N.E.2d 5 (1949); *Consol. Mgmt. v. Handee Marts*, 109 Ohio App.3d 185, 189, 671 N.E.2d 1304 (8th Dist.1996); *Meeker R&D, Inc. v. Evenflo Co.*, 2016-Ohio-2688, 52 N.E.3d 1207, ¶ 75 (11th Dist.); *see also Culberson Transp. Serv. Inc. v. John Alden Life Ins. Co.*, 10th Dist. Franklin No. 96 APE11-1501, 1997 Ohio App. LEXIS 2854, *18 (June 30, 1997) ("[w]hen a party with knowledge of the facts, but without legal liability to do so, pays money voluntarily, that person has no claim to recovery for the monies so paid"). A mistake of law occurs when a person, having full knowledge of the facts, reaches an erroneous conclusion regarding their legal effect. "It is a mistaken opinion or inference, arising from an imperfect or incorrect exercise of judgment on facts as they are real." *Consol. Mgmt.* at 189; *see also Sheet Metal Workers Local 98 v. Whitehurst*, 5th Dist. Knox No. 03 CA 29, 2004-Ohio-191, ¶ 33 (defining a mistake of law as "'a mistake of a person who knows the facts of the case but is ignorant of their legal consequence'"), quoting 69 Ohio Jurisprudence 3d, Mistake, Section 9, at 13-14 (1986). A mistake of fact is a "mistaken supposition of the existence of a specific fact." *Sheet Metal Workers Local 98* at ¶ 34; *see also Meeker R&D* at ¶

63-64 (defining mistake of fact as "'a mistake not caused by the neglect of a legal duty on the part of the person making the mistake, and consisting in (1) an unconscious ignorance or forgetfulness of a fact, past or present, material to the contract; or (2) belief in the present existence of a thing or material to the contract which does not exist, or in the past existence of such thing which has not existed'", quoting Black's Law Dictionary (5th Ed.).

*Id.* at ¶ 91.

**{¶ 41}** Here, Administrator Vargas's deposition testimony revealed that if a citation was not paid within 27 days, a delinquency notice was issued automatically that imposed an additional $20 penalty. Three weeks after that, another notice followed and an additional $40 was assessed. Administrator Vargas further testified that when the recipients refused to pay, collection agencies were used to place phone calls and send collection letters. The debts were referred to credit reporting offices. In extreme cases, vehicles would even be impounded. Since the administrative hearing process could not be completed before the additional penalties were imposed as required by CCO 413.031, the nonvehicle owners had to either pay the ticket or incur the penalties. At the time, there was no provision in the ordinance placing a hold on the penalties if administrative review was sought.

**{¶ 42}** In *Cleveland*, the City successfully argued that the voluntary payment doctrine applies when the plaintiff made the payments at issue with full knowledge of the relevant facts. *Id.* at ¶ 92. In the instant case, there is no evidence establishing that any of the class members who paid their tickets understood that the citations to nonvehicle owners were not subject to CCO 413.031.

**{¶ 43}** Therefore, the fifth assignment of error is overruled.

### Claims Administrator Fees and Expenses

**{¶ 44}** In the sixth assignment of error, the City challenges the trial court's decision ordering that the City pay the fees and costs of the appointed class administrator, BrownGreer. The City argues that the basis of equity does not favor the City bear the "significant administrative costs associated with notification to the members of the certified class."

**{¶ 45}** In *Rimmer v. CitiFinancial, Inc.*, 2013-Ohio-5732, 6 N.E.3d 621, ¶ 53 (8th Dist.), this court recognized that a trial court has discretion to order the defendant (mortgage holder) to bear the cost of notice to the class members. The City argues that *Rimmer* is distinguishable because it was not predicated in equity. We find *Rimmer* persuasive.

**{¶ 46}** In *Rimmer*, summary judgment was entered in favor of a class of mortgagors against the mortgage holder that had violated the law by failing to enter timely satisfactions of mortgages with the county recorder. *Id.* at ¶ 4-6. On appeal, the mortgage holder argued that the trial court erred by requiring it to pay for the class notice.

**{¶ 47}** After reviewing several authorities, including United States Supreme Court cases, we recognized that the class typically bears the costs, but the costs can be shifted to the defendant after liability has been determined. *Id.* at ¶ 52. We found that no abuse of discretion had been committed given that the mortgage holder possessed the records needed for identifying the class members. *Id.* at ¶ 53.

{¶ 48} In the instant case, it was within the trial court's discretion to order the City to bear the costs incurred by BrownGreer. The trial court was presented with Administrator Vargas's deposition testimony, which revealed that the City knowingly exceeded the authority granted under CCO 413.031 to issue the traffic camera citations.

{¶ 49} Therefore, the sixth assignment of error is overruled.

The Class's Cross-Appeal

Time-Value of the Wrongfully Collected Funds

{¶ 50} In the class's single cross-assignment of error, the class argues the trial court abused its discretion when it denied the class's additional time-value recovery request for $1,841,563.51. The class presented the declaration of Andrew Oxenreiter of BrownGreer, who calculated the amount due at the statutory rate of interest under R.C. 5703.47 over the period of wrongful withholding at $1,841,563.51. He reached this amount by performing a simple interest rate calculation for each calendar year and applying the statutory interest rates specified by R.C. 5703.47 based on the total amount of fines and penalties paid by the class members.

{¶ 51} The City argues that the class's description of the time value of money is really the class's attempt at prejudgment interest, which is not authorized in unjust enrichment claims. We find the City's argument more persuasive.

{¶ 52} The trial court's determination of whether to grant prejudgment interest or the "time value of money" is to be upheld absent an abuse of discretion.

*Wagner v. Midwestern Indemn. CO.*, 83 Ohio St.3d 287, 293, 1998-Ohio-111, 699 N.E.2d 507, citing *Kalain v. Smith*, 25 Ohio St.3d 157, 159, 495 N.E.2d 572 (1986).

{¶ 53} Here, the trial court found that "interest based upon the reasonably anticipated gains from these misappropriated funds is not recoverable in this action." We do not find this to be an abuse of discretion because this court has previously determined that "a judgment based on unjust enrichment rather than a contractual obligation will not support the recovery of prejudgment interest." *L. Worthey Dump Truck Co. v. Glenbrook Apts.*, 8th Dist. Cuyahoga No. 50680, 1986 Ohio App. LEXIS 7076, *8 (June 5, 1986), citing *Maintenance Unlimited, Inc. v. Salemi*, 18 Ohio App.3d 29, 480 N.E.2d 113 (8th Dist.1984). *See also Cantwell Mach. Co. v. Chicago Mach. Co.*, 184 Ohio App.3d 287, 2009-Ohio-4548, 920 N.E.2d 994, ¶ 31 (10th Dist.), citing S*ervpro of N.E. Columbus v. Reconstruction, Inc.*, 10th Dist. Franklin No. 90AP-1400, 1991 Ohio App. LEXIS 4031 (Aug. 22, 1991).

{¶ 54} Therefore, the class's cross-assignment of error is overruled.

{¶ 55} Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

PATRICIA ANN BLACKMON, J., CONCURS;
SEAN C. GALLAGHER, J., CONCURS (SEE SEPARATE CONCURRING OPINION ATTACHED)

SEAN C. GALLAGHER, J., CONCURRING:

{¶ 56} I fully concur with the majority opinion. I write separately to more fully address the City's argument pertaining to res judicata.

{¶ 57} In *Lycan v. Cleveland*, 146 Ohio St.3d 29, 2016-Ohio-422, 51 N.E.3d 593, the Supreme Court of Ohio found that this court had erred in addressing res judicata because the trial court did not decide that question in its class-certification order. *Id.* at ¶ 2. It appears that the Supreme Court recognized that the City did not raise a res judicata argument in opposing class certification or at the class-certification hearing and that neither the trial court's summary-judgment order nor its class-certification order addressed res judicata, let alone decided that question in a final appealable order. *Id.* at ¶ 22, 25. The Supreme Court found that "[g]iven Cleveland's failure to argue res judicata in those two instances and the trial court's silence on the issue, it would be highly speculative to construe the class-certification order as an implicit ruling on res judicata." *Id.* at ¶ 25. The court vacated the judgment with respect to res judicata and affirmed the decision upholding class

certification, which had not been challenged, and the case was remanded to the trial court for further proceedings.  *Id.* at ¶ 32.

{¶ 58}  Although the Supreme Court's decision in *Lycan* determined that this court should not have considered the res judicata issue because it had not been addressed by the trial court, there was no mandate for the trial court to consider the issue, which had not been pursued by the City.  Upon remand, the City specifically indicated that it was not raising the issue.  Nevertheless, at oral argument before this court, the City once again raised the issue.

{¶ 59}  The majority finds that the record reflects that in the City's motion for reconsideration and for summary judgment filed in the trial court, the City specifically stated that it "does not re-litigate the issue of res judicata with this motion[.]"   Rather, the City argued that the plaintiffs did not exhaust their administrative remedies and lacked standing to proceed.  Accordingly, the trial court did not address the res judicata issue, which the City appears to have waived.  Although I find the record convoluted on the issue of res judicata, I nevertheless agree with the majority.